UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 10994 JLT

PARENTS OF DANIELLE )
)
v.                    MAGISTRATE JUDGE Bowler
)
MASSACHUSETTS DEPARTMENT )
OF EDUCATION, DAVID P. )
DRISCOLL, COMMISSIONER )
)
and )
)
SCHOOL COMMITTEE FOR THE )
TOWN OF SHARON:  SAM LIAO, )
ANDREW NEBENZAHL, DONALD )
GILLIGAN, JANE FURR, MITCH )
BLAUSTEIN and SUZANNE PEYTON )
)

**COMPLAINT**

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. TOM
DATE 5/18/04

## Preliminary Statement

1.  This is an action brought by the parents of Danielle[1] seeking:

    (a)   a review of that portion of a decision of the Massachusetts Bureau of
          Special Education Appeals regarding the appropriateness of the Landmark
          School;

    (b)   a review of that portion of a decision of the Massachusetts Bureau of
          Special Education Appeals regarding the adequacy of the modified
          program created by Sharon Public Schools;

    (c)   compensatory damages; and

    (d)   an award of attorney's fees and related costs.

---

[1] Pseudonym used for confidentiality purposes.

## Jurisdiction

2.    This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C., §1415.

## Parties

3.    The Plaintiffs are the parents of Danielle, a thirteen year old special needs student with severe learning disabilities, who lives with her parents in Sharon, Massachusetts.

4.    The Defendant is David P. Driscoll, the Commissioner of the Massachusetts Department of Education, which is an agency of the Commonwealth of Massachusetts, established by M.G.L., c. 15, §1 and c. 71B, with the responsibility of administering Chapter 71B and conducting hearings thereunder.

5.    The Defendants, Sam Liao, Jane Furr, Andrew Nebenzahl, Mitch Blaustein, Donald Gilligan, and Suzanne Peyton, are duly elected members of the School Committee for the Town of Sharon, Massachusetts.

## Statement of the Case

## Parent's Case for Appeal

6.    Pursuant to M.G.L. c. 71B, the Sharon School Committee evaluated Student in 1998, found her to be a special needs child, and developed educational plans attempting to meet her needs from 1998 through 2003.

7.    During the years from 1998 through 2003, the parents protested the adequacy of the plans presented, hired an educational advocate to assist them, and obtained numerous independent evaluations substantiating the severity of Danielle's needs, all of which were provided to Sharon.

8.     On or about April 22, 2003, the parents rejected the Individual Education Plan
       (IEP) offered by Sharon for the 2003-2004 school year.

9.     Parents requested a Hearing through the Bureau of Special Education Appeals
       (BSEA) of the Massachusetts Department of Education and three days of hearing
       were conducted before the Hearing Officer, Joan Beron, on October 2, October 3,
       and October 22, 2003, in Malden, Massachusetts.

10.    On or about January 12, 2004, Joan Beron, Hearing Officer, on behalf of the
       BSEA for the Department of Education, issued a decision, a copy of which is
       attached hereto, and marked as Exhibit 1.

11.    In the decision, the Hearing Officer ruled that the IEP developed by Sharon did
       not provide a free appropriate education (FAPE) to Danielle and ordered Sharon
       to provide a language based summer program and to locate or create a language
       based program to meet Danielle's needs.

12.    In addition, Sharon was ordered to send referral packets to language based day
       programs in the Southeastern Massachusetts, Rhode Island and MetroWest areas.

13.    To assist Sharon, the Hearing Officer further ordered Sharon to hire an
       independent evaluator approved by the Hearing Officer.

14.    In January, 2004, Sharon hired Joan Axelrod, one of two independent evaluators
       approved by the Hearing Officer. Parents were not included in the choosing of the
       independent evaluator.

15.    The Independent Evaluator, Joan Axelrod, observed Sharon's program, observed
       an out-of-district collaborative program at Randolph, Massachusetts, interviewed
       Danielle, informally evaluated her reading skills, and made recommendations.

16.    The Hearing Officer conducted unrecorded telephone conference calls, including counsel for the parents and the school and the Independent Evaluator.

17.    On February 10, 2004, the Independent Evaluator submitted a written report, and an additional day of hearing was held before the BSEA, Hearing Officer Joan Beron, on March 10, 2004. The Independent Evaluator, parents' expert, Dr. Robert Kemper, and Sharon's SPED Director, Judith Levin-Charns, testified.

18.    On March 10, 2004, after testimony, the Hearing Officer verbally ordered Sharon to amend the IEP, begin providing the recommended additional/modified services to Danielle immediately, and send an application to Landmark for a 2004 summer residential program.

19.    On April 20, 2004, Joan Beron, Hearing Officer, issued a second decision attached hereto and marked Exhibit 2, affirming the previous finding that Sharon's IEP did not provide FAPE. In this decision, the Hearing Officer denied parents' request for placement at Landmark (except for the summer) and ordered Sharon to implement the modifications as recommended by the Independent Evaluator.

20.    Plaintiffs are aggrieved by that portion of the BSEA decision denying parents' request for placement at Landmark and that portion of the decision affirming the adequacy of the modified program at Sharon, and aver that substantial rights of the Plaintiffs have been prejudiced in that the decision of the Department of Education is based upon an error of law and in excess of statutory authority of the Department, because the Bureau of Special Education Appeals made findings and rulings that were against the preponderance of the evidence.

4

21.   Lastly, Plaintiffs aver that their substantial rights have been otherwise prejudiced by that portion of the decision of the BSEA denying parents' request for placement at Landmark and that portion of the decision affirming the adequacy of the modified program at Sharon is in excess of statutory authority, is based upon errors of law, is made upon unlawful procedure, is unsupported by a preponderance of the evidence, is arbitrary and capricious, an abuse of discretion, and not in accordance with the law.

## Parent's Case for Compensatory Damages

22.   Plaintiff realleges paragraphs 1 – 21 above and incorporates the same as if fully set forth herein.

23.   The BSEA Hearing Officer ruled that Danielle did not receive a free appropriate education from March, 2003 through March, 2004.

24.   Danielle's reading scores have not improved significantly since 1999 and in some areas have actually declined since 1999.

25.   Danielle was accepted for admission to Landmark School for September, 2003, but was not admitted because her parents could not afford to send her, and Sharon refused to send her.

26.   At the time of the Hearing (October), Landmark's 7th grade class was filled.

27.   Danielle could have entered Landmark in January, but the Hearing Officer appointed an independent evaluator and delayed making a final decision until March.

28.   As a result of these actions and inactions, Danielle has not received a free appropriate education for the 2003-2004 school year.

5

**Parent's Case for Attorney Fees and Costs**

29.     Plaintiff realleges paragraphs 1 – 28 above and incorporates the same as if fully set forth herein.

30.     The IDEA, 20 U.S.C. 1415, provides that attorney's fees and related costs may be awarded to the parents of a child with a disability who is the prevailing party.

31.     A prevailing party is one who has been awarded some relief by the court, <u>532 U.S. 598, Buckhannon Home, Inc. v. W.Va. Dept. HHS (2001)</u>. The Parents are clearly the "prevailing party" in the above referenced action. The Hearing Officer made a clear and unequivocal finding both in the January 12, 2004 Decision and in the April 20, 2004 Decision, that Sharon Public Schools did not provide a FAPE to Juliana from March 24, 2003 through March 10, 2004. In addition, the Hearing Officer ordered, *inter alia*, that Sharon provide a residential summer program at the Landmark School for the 2004 summer. The parents have achieved an "enforceable alteration of the legal relationship of the parties," the minimum requirement for awarding fees and costs to plaintiffs. See <u>Buckhannon,</u> supra.

32.     Parents are entitled not only to attorneys fees, but also to the cost of expert witness fees. <u>Pazik v. Gateway Regional School District</u>, 130 F. Supp.2d 217 (D. Mass.2001).

33.     The plaintiffs have incurred fees and costs in the amount of $58,143.00. See attached Affidavit of Counsel and itemized statement, marked as <u>Exhibit 3</u>.


WHEREFORE, plaintiffs pray that this Honorable Court:

1.    Review the evidence and proceedings before the BSEA of the Department of Education;

2.    Grant plaintiff an evidentiary hearing to present additional evidence;

3.    Set aside so much of the decision that finds a modified program in the Sharon Public Schools will provide FAPE to Danielle;

4.    Order Sharon Public Schools to send Danielle to the Landmark School for the 2004-2005 year;

5.    Order Sharon Public Schools to pay compensatory damages to the plaintiff in an amount equal to the cost of placement at Landmark Schools for the 2003-2004 school year; and

6.    Award plaintiffs' attorney's fees and related costs in the amount of $58,143.00 for the BSEA Hearing and reasonable attorney's fees and costs incurred in this action.

Respectfully submitted,

PARENTS OF DANIELLE,
By their attorney,

Ruth N. Bortzfield, Esquire
462 Boston Street, Suite 3
Topsfield, MA  01983
BBO #546475
(978) 887-3931

Dated: May 14, 2004