UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED IN CLERKS OFFICE*
*2004 JUL -9 P 12: 2*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

CIVIL ACTION NO. 04-10994-12 2

---

PARENTS OF DANIELLE

     Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF
EDUCTION, DAVID P. DRISCOLL,
COMMISSIONER;  and SCHOOL
COMMITTEE FOR THE TOWN OF
SHARON: SAM LIAO, ANDREW
NEGENZAHL, DONALD GILLIGAN, JANE
FURR, MITCH BLAUSTEIN and SUZANNE
PEYTON

     Defendants

---

## ANSWER OF SHARON SCHOOL COMMITTEE TO COMPLAINT

Defendants, School Committee for the Town of Sharon, being Sam Liao, Andrew

Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein and Suzanne Peyton (collectively,

"Sharon"), answer the Plaintiffs' Complaint, as follows.

### Preliminary Statement

1.    Paragraph 1(a-d) contains a summary of this action, and no answer is required.

### Jurisdiction

2.    Paragraph 2 contains a legal conclusion to which no answer is required.

### Parties

3.  Sharon admits only that the Plaintiffs are the parents of Danielle (pseudonym), a thirteen year old special needs student with learning disabilities, who lives with her parents in Sharon, Massachusetts.

4.  Admitted.

5.  Admitted.

## Statement of the Case

## Parent's Case for Appeal

6.  Sharon admits only that Danielle was evaluated in 1998; she was found to be a student qualifying for special education services; and that Danielle's Team wrote Individualized Education Plans ("IEP's") from that date to present.

7.  Sharon admits only that from 1998 to 2003, the Parents accepted certain IEPs and/or IEP amendments, and rejected others; that at some point, Parents hired Elaine Lord to assist them; that Parents obtained evaluations of Danielle; and that certain of those evaluations were provided to Sharon. Those evaluations are documents that speak for themselves, and to the extent that the allegations in paragraph 7 conflict with the terms of those documents, the allegations are denied.

8.  Admitted.

9.  Admitted.

10. Admitted.

11. The decision is a document which speaks for itself, and to the extent the allegations of this paragraph are inconsistent with that document, they are denied.

12. The decision is a document which speaks for itself, and to the extent the allegations of this paragraph are inconsistent with that document, they are denied.

13. The decision is a document which speaks for itself, and to the extent the allegations of this paragraph are inconsistent with that document, they are denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Sharon admits only that on March 10, 2004, after testimony had concluded, the parties agreed to amend the IEP to include additional services, and to send an application to Landmark for a 2004 summer program.

19. Sharon admits only that the Hearing Officer issued a second decision. That decision is a document which speaks for itself, and to the extent the allegations contained in this paragraph are inconsistent with that document, they are denied.

20. Paragraph 20 is a summary of the Plaintiff's allegation, and therefore no reply is required. To the extent that the summary alleges any wrongdoing by Sharon, those allegations are denied.

21. Paragraph 21 is a summary of the Plaintiff's allegations, and therefore no reply is required. To the extent that the summary alleges any wrongdoing by Sharon, those allegations are denied.

### Plaintiff's Case for Compensatory Damages

22. Sharon restates its answers to paragraphs 1 through 21, above, and incorporates them herein by reference as if set forth in full.

23. Sharon states that the Hearing Officer's decision is a document which speaks for itself, and to the extent the allegations in paragraph 23 conflict with that document, they are denied.

24. Denied.

25. Sharon admits only that it did not agree to send Danielle to Landmark in September 2003. Sharon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26. Sharon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Sharon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Denied.

### Parent's Case for Attorney Fees and Costs

29. Sharon realleges its answers to paragraphs 1 through 28, above, and incorporates them herein by reference as if set forth in full.

30. Paragraph 30 contains a legal conclusion to which no answer is required.

31. The first, second, and last sentences of paragraph 31 contain a legal conclusion to which no answer is required. The Hearing Officer decisions referred to in the third and fourth sentences of paragraph 31 are documents which speak for themselves, and to the extent the allegations of paragraph 31 conflict with those documents, they are denied.

32. Paragraph 32 contains a legal conclusion to which no answer is required.

33.     Sharon is without knowledge or information sufficient to form a belief as to the

truth of the allegation contained in paragraph 33.

## FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) due to its failure to
set forth a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting their claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs, by their own conduct, have waived any claims set forth in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are frivolous and are made in bad faith

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands and laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by their own acts and/or omissions.

## SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Sharon  acted in good faith and without malice or improper intent.

## EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Sharon's actions were privileged and were justified.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail because Plaintiffs have suffered no damages as a result of any alleged action or omission of Sharon.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for fees will be barred due to Plaintiffs' failure to accept a reasonable settlement offer.

SHARON SCHOOL COMMITTEE
By its attorneys,

Barry L. Mintzer, BBO
Tammy L. Richardson, BBO 567766
Deutsch Williams Brooks DeRensis & Holland, PC
99 Summer Street
Boston, MA  02110
(617) 951-2300

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/_____ on this date.

7-8-04

DWLIB 160905v1
129/00