SCANNED
DATE 08/10/04
SKY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-10994-JLT

PARENTS OF DANIELLE,

Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION ET AL.,

Defendants.

## ANSWER OF STATE DEFENDANTS

Defendants Massachusetts Department of Education and Commissioner David P. Driscoll (collectively referred to as "State Defendants"), as their Answer to the Complaint, state that they will file a certified copy of the record of administrative proceedings before the Massachusetts Bureau of Special Education Appeals in <u>Danielle v. Sharon Public Schools</u> (BSEA # 03-4311). In further answer, the State Defendants respond as follows:

1. The allegations of paragraph 1 characterize the nature of the action and the nature of the relief sought and accordingly require no response.

2. The allegations of paragraph 2 constitute a legal conclusion, which requires no response.

3. State Defendants admit that plaintiffs are the parents of Danielle and that she resided in Sharon at the time of the BSEA decisions in <u>Danielle v. Sharon Public Schools</u> dated January 12, 2004 and dated April 20, 2004 (together referred to as the "BSEA Decisions") but State

Defendants lack knowledge or information concerning her current town of residence. State Defendants admit that Danielle has learning disabilities and refer to the BSEA Decisions concerning the nature and extent of Danielle's learning disabilities.

4. State Defendants admit that David Driscoll is the Commissioner of the Massachusetts Department of Education and that the Department is an agency established pursuant to G.L. c. 15, § 1; aver that the Department was not established pursuant to G.L. c. 71B, the provisions of which govern special education and speak for themselves; and aver that the responsibilities and role of the Department relating to the provision of special education are set forth in G.L. c.71B and other statutes which speak for themselves, and the State Defendants further aver that the BSEA is the entity within the Department designated to resolve disputes concerning the provision of special education services.

5. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. State Defendants admit that the town of Sharon ("Sharon") evaluated Danielle and developed Individualized Education Plans ("IEPs"), and State Defendants refer to the BSEA Decisions concerning the dates of the evaluation and the IEPs and concerning Danielle's educational needs as found by Sharon.

7. State Defendants aver that, as set forth in the BSEA Decisions, Danielle's parents accepted certain provisions in the IEPs and rejected others; admit that Danielle's parents obtained independent evaluations, aver that the results of those evaluations speak for themselves, and lack knowledge or information sufficient to form a belief as to the truth of the allegation that the evaluations were provided to Sharon; and admit that Danielle's parents had an advocate, Elaine

Lord, as set forth in the BSEA Decisions. In further response, State Defendants refer to the BSEA Decisions.

8. State Defendants aver that, as set forth in the BSEA Decisions, on or about April 22, 2003, Danielle's parents accepted services but rejected the placement set forth in an IEP proposed by Sharon.

9. State Defendants admit the allegations of paragraph 9.

10. State Defendants admit that BSEA Hearing Officer Beron issued a decision dated January 12, 2004, in matter # 03-4311, but State Defendants aver that the Complaint served upon them does not attach a copy of that BSEA decision as alleged.

11. State Defendants refer to the BSEA Decisions, which speak for themselves.

12. State Defendants refer to the BSEA Decisions, which speak for themselves.

13. State Defendants refer to the BSEA Decisions, which speak for themselves.

14. State Defendants admit that Sharon chose Joan Axelrod as the independent evaluator, as set forth in the BSEA Decisions, but State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that parents were not included in the choice of the independent evaluator.

15. State Defendants refer to the BSEA Decisions, which speak for themselves, concerning the observations, actions, and conclusions of the independent evaluator, Joan Axelrod.

16. State Defendants admit that the Hearing Officer conducted telephone conference calls as referred to in the BSEA Decisions and that such calls included the parties and the independent evaluator and were not recorded.

3

17. State Defendants admit the allegations of paragraph 17.

18. State Defendants aver that, as set forth in the BSEA Decision dated April 20, 2004, following the hearing on March 10, 2004, the parties agreed to extend Danielle's IEP, to amend the IEP to include certain services described in the BSEA Decision dated April 20, 2004, and that Sharon would apply to Landmark's summer program.

19. State Defendants admit that BSEA Hearing Officer Beron issued a decision dated April 20, 2004, in matter # 03-4311; aver that the Complaint served upon them does not attach a copy of that BSEA decision as alleged; and aver that the BSEA decision speaks for itself.

20. The allegations of paragraph 20 constitute legal conclusions to which no response is required but, to the extent that any response is required, State Defendants deny the allegations.

21. The allegations of paragraph 21 constitute legal conclusions to which no response is required but, to the extent that any response is required, State Defendants deny the allegations.

22. In response to the allegations in paragraph 22, State Defendants refer to and incorporate their responses to paragraphs 1 through 21 above.

23. State Defendants refer to the BSEA Decisions and the record of administrative proceedings except, insofar as the allegations in paragraph 23 conflict with the BSEA Decisions and the record of administrative proceedings, State Defendants deny the allegations.

24. State Defendants refer to the BSEA Decisions and the record of administrative proceedings concerning Danielle's reading test scores, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. State Defendants aver that, as set forth in the BSEA Decision dated January 12, 2004, Danielle was eligible for admission but Landmark did not admit her for the 2003-2004 school

year for the reasons set forth in the BSEA Decision dated January 12, 2004. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Danielle's parents could not afford to send her to Landmark and that Sharon refused to send her.

26. State Defendants aver that, as set forth in the BSEA Decision dated January 12, 2004, Landmark did not admit Danielle for the 2003-204 school year because it did not have an opening, but Landmark anticipated that it would have an opening in mid to late January.

27. State Defendants aver that, as set forth in the BSEA Decision dated January 12, 2004, Danielle was admitted to Landmark and could start in late January 2004; admit that the Hearing Officer appointed an independent evaluator; and aver that the Hearing Officer issued a second decision on April 20, 2004 (not in March as alleged) but deny that the issuance of that second decision was "delayed."

28. The allegations of paragraph 28 constitute legal conclusions to which no response is required but, to the extent that any response is required, State Defendants refer to the BSEA Decisions and the record of administrative proceedings.

29. In response to the allegations in paragraph 29, State Defendants refer to and incorporate their responses to paragraphs 1 through 28 above.

30. The allegations in paragraph 30 constitute legal conclusions to which no response is required, but to the extent that any response is required, State Defendants aver that the federal statute cited speaks for itself.

31. The allegations in the first sentence of paragraph 31 constitute a legal conclusion to which no response is required, but to the extent that any response is required, State Defendants aver that the decision of the United States Supreme Court in <u>Buckhannon Board & Care Home,</u>

5

<u>Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598 (2001) speaks for itself. The allegations in the second sentence constitute a legal conclusion to which no response is required. In response to the allegations in the third and fourth sentences of paragraph 32, State Defendants refer to the BSEA Decisions except, to the extent the allegations conflict with the BSEA Decisions and the record of administrative proceedings, State Defendants deny the allegations.

32. The allegations in paragraph 32 constitute legal conclusions, to which no response is required.

33. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

MASSACHUSETTS DEPARTMENT OF EDUCATION AND COMMISSIONER DAVID P. DRISCOLL,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Amy Spector, BBO No. 557611
Assistant Attorney General
One Ashburton Place, Room 2019
Government Bureau
Boston, Massachusetts 02108-1698
(617) 727-2200, ext. 2076

Date:   August 9, 2004

## Certificate of Service

I, Amy Spector, certify that I served a copy of the attached Answer of State Defendants upon the parties this 9th day of August, 2004, by mailing a copy of the Answer by first-class mail, postage pre-paid, to Ruth N. Bortzfield, Esq., 462 Boston Street, Suite 3, Topsfield, MA 01983 (counsel for plaintiffs) and to Barry Mintzer, Esq., Deutsch Williams Brooks DeRensis & Holland, 99 Summer Street, Boston, MA 02110 (counsel for defendant Sharon School Committee and its individually named members).

_____
Amy Spector
Assistant Attorney General