UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994-NMG

PARENTS OF DANIELLE

    Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF EDUCTION, DAVID P. DRISCOLL, COMMISSIONER; and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEGENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN and SUZANNE PEYTON

    Defendants

## SHARON SCHOOL COMMITTEE'S MOTION FOR SUMMARY JUDGMENT ON COUNT II OF COMPLAINT

Defendants, School Committee for the Town of Sharon, being Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein and Suzanne Peyton (collectively, "Sharon"), hereby move pursuant to Fed. R. Civ. P. 56, for the entry of summary judgment on Count II of the Complaint, in the form of an order enforcing the parties' verbal settlement agreement. In support of this motion, Sharon relies upon the affidavit of Tammy L. Richardson, filed herewith.

## Introduction

In this case, the Plaintiffs are the parents of a girl who is a student at the Sharon Public Schools. The Plaintiffs filed a Request for Hearing at the Bureau of Special Education Appeals, seeking a ruling that their daughter should be educated at Landmark School, a private special education school. The Hearing Officer ruled that while an outside placement at Landmark was not appropriate, the student's program at Sharon Public Schools was insufficient in certain respects. Therefore, the Hearing Officer ordered that certain changes and additions to the program be made.

Plaintiffs then filed this lawsuit, seeking in Count I to challenge the Hearing Officer's decision, and seeking recovery of attorneys' fees in Count II. Plaintiffs and Sharon, through counsel, subsequently entered into settlement discussions, and agreed to settle Count II for $30,000.00. Counsel then participated in drafting a Settlement Agreement that memorialized the terms of the settlement. However, Plaintiffs have failed to respond to their attorney's repeated requests to sign the Agreement, and it appears that they have decided to attempt to back out of the settlement. Sharon brings this motion seeking the Court's enforcement of the agreed-upon settlement between the parties of Count II of the Complaint.

## Statement of Facts

1. Plaintiffs' daughter Danielle[1] is a student at Sharon Public Schools. In the summer of 2003, Plaintiffs filed a Request for Hearing at the Massachusetts Bureau of Special Education Appeals ("the Bureau"), seeking a ruling that Danielle should be placed at the

---

[1] In its written decisions, the Massachusetts Bureau of Special Education Appeals have referred to the child as "Danielle", although that is not her true name, to protect her privacy. Sharon will continue using that name in this Motion.

Landmark School, a private special education school located in Prides Crossing, Massachusetts. Richardson Aff., ¶2.

2. Sharon and the Plaintiffs had a hearing before the Bureau, on October 2, 3, and 22, 2003. Richardson Aff., ¶3.

3. The Bureau issued decisions on January 12, 2004 and April 20, 2004, that (a) Sharon was not providing FAPE; (b) Sharon should locate or create an appropriate program for Student; (c) Sharon should fund an independent evaluator to observe its program and determine if it could be made appropriate with modifications; and, after the evaluator's recommendations (d) that Sharon's program could be modified to meet Student's needs. Richardson Aff., ¶4.

4. Plaintiffs then filed this lawsuit, seeking in Count I to challenge the Bureau's ruling. In Count II, Plaintiffs seek an award of Attorneys fees pursuant to 20 USC § 1415(i)(3)(B). They claim that they are the "prevailing party" pursuant to that statute and therefore entitled to a fee award.

5. In February 2005, the parties entered into settlement discussions regarding Count II. For purposes of these settlement discussions, Plaintiffs were represented by Ruth Bortzfield, and Sharon was represented by Tammy Richardson. Richardson Aff., ¶5.

6. On February 15, 2005, after exchanging various demands and counter-demands, Plaintiffs and Sharon agreed to settle Count II for the total payment by Sharon to Plaintiffs of Thirty Thousand Dollars ($30,000.00). Ms. Richardson was authorized by Sharon to agree to this settlement, and Ms. Bortzfield represented to Ms. Richardson that she was authorized by Plaintiffs to agree to this settlement. Richardson Aff., ¶6.

7. Prior to entering into the agreement to settle Count II, Ms. Bortzfield had stated that she would be withdrawing as counsel for Plaintiffs. The parties had previously agreed to a

continuance of a scheduling conference before the Court, to allow Plaintiffs to find new counsel. However, at the time of the settlement negotiations and the agreement that was reached on February 15th, Ms. Bortzfield remained as counsel of record for Plaintiffs. She had not yet filed a Notice of Withdrawal as counsel, and no other attorney had filed an appearance on behalf of Plaintiffs. Richardson Aff., ¶7.

8. After agreeing to settle Count II for $30,000.00, Ms. Richardson drafted a written settlement agreement. She sent it to Ms. Bortzfield on February 17, 2005. Richardson Aff., ¶8, and Exhibit A.

9. Ms. Bortzfield and Ms. Richardson then spoke on February 22, 2005, and Ms. Bortzfield requested some edits to the settlement agreement, which Ms. Richardson agreed to. Richardson Aff., ¶9.

10. Ms. Bortzfield sent Ms. Richardson a letter dated February 28, 2005, requesting the redlined settlement agreement. Richardson Aff., ¶9 and Exhibit B.

11. Ms. Richardson then prepared a "redlined" agreement so Ms. Bortzfield could see the agreed upon edits, and emailed it to Ms. Bortzfield on March 2, 2005. Richardson Aff., ¶10 and Exhibit C.

12. Ms. Bortzfield then responded by email on March 3, 2005, stating that she had sent a copy to the Plaintiffs and planned to speak with them that weekend. Richardson Aff., ¶11 and Exhibit D.

13. Ms. Richardson then left telephone messages for Ms. Bortzfield on the following week. On March 15, 2005, Ms. Bortzfield left Ms. Richardson a voicemail message, stating that she had not yet been able to reach her clients. Richardson Aff., ¶12.

14. On March 22, 2005, Ms. Bortzfield and Ms. Richardson spoke by telephone. Ms. Bortzfield told Ms. Richardson that she had not yet spoken with the Plaintiffs and had not been able to reach them. Ms. Bortzfield said that she had repeatedly called her clients and also sent them written correspondence, but that they had failed to respond to any of her communications. They discussed the fact that a verbal settlement agreement had been reached, and Ms. Bortzfield stated that she had had Plaintiffs' authority to agree to the settlement with Sharon on Plaintiffs' behalf. Richardson Aff., ¶13.

15. On March 29, 2005, Sharon received Ms. Bortzfield's Notice of Withdrawal of Appearance as counsel for Plaintiffs. The Notice of Withdrawal was copied to Attorney Alanna Cline, who is believed to be the Bensons new attorney. Richardson Aff., ¶14.

16. On April 4, 2005, Ms. Richardson sent Ms. Cline a copy of the Settlement Agreement, asking Ms. Cline to call her. Richardson Aff., ¶15 and Exhibit E. Ms. Cline has never responded. On April 12, Ms. Richardson telephoned Ms. Cline and left a message with her secretary, but the call was not returned. Richardson Aff., ¶15.

## ARGUMENT

I. **THE COURT SHOULD ENFORCE THE SETTLEMENT AGREEMENT BETWEEN SHARON AND PLAINTIFFS REGARDING COUNT II OF THE COMPLAINT**

Where, as here, the underlying action is brought pursuant to a federal statute, whether there is an enforceable settlement is a matter of federal, rather than state, law. The federal district court has the power to enforce a settlement agreement of a matter pending before it. Quint v. A.E. Staley Manufacturing Co., 246 F.3d 11 (1st Cir. 2001). Where parties to a lawsuit verbally agree upon the material terms of a settlement, but do not execute a written agreement,

the settlement agreement is nonetheless enforceable. Id. at 15; *see* also In re Mal de Mer Fisheries, Inc., 884 F.Supp. 635, 637 (D. Mass. 1995) ("[W]hen parties voluntarily enter into a settlement agreement, it cannot be repudiated by either party, and the court will summarily enforce the agreement.")[2]

In this case, Plaintiffs and Sharon entered into an agreement to settle Count II of the Complaint for $30,000.00. All of the material terms were agreed upon - the amount of the payment and the fact that Count II would be dismissed. This is not a complicated matter where other issues were material. As can be seen from the draft settlement agreement that is attached to the Richardson Affidavit as Exhibit C, all other elements to the agreement were "boilerplate". The parties, through counsel, agreed to the terms of the draft settlement agreement. A fully enforceable agreement was reached by the parties, and Plaintiffs should be compelled to effectuate the settlement.

WHEREFORE, Sharon respectfully requests that this Court issue an order as follows:

1. Enforcing the settlement between Sharon and Plaintiffs of Count II of the Complaint, by issuing the order that is annexed hereto as Exhibit A, or in a form deemed appropriate by the Court; and

2. After Sharon has notified the Court that the Settlement Sum has been paid, dismissing Count II of the Complaint, with prejudice; and

3. Any other relief that this Court deems just.

---

[2] Plaintiffs may argue that the settlement agreement is barred by the Statute of Frauds, but this would be incorrect. The Massachusetts Statute of Frauds does not apply where there can be performance of the contract by both parties within one year. Wang Laboratories, Inc. v. Applied Computer Sciences, Inc., 741 F.Supp. 992, 1000 (D. Mass 1990), *reversed on other grounds*, 958 F.2d 355 (Fed. Cir. 1992).

6

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1 (A)(2), counsel for the Sharon School Committee certifies that she has attempted to confer with counsel for plaintiffs about the issues raised in this motion, but has not been successful as counsel for plaintiffs has not replied to her attempts at communication.

SHARON SCHOOL COMMITTEE
By its attorneys,

*[signature]*
Tammy L. Richardson, BBO #567766
Deutsch Williams Brooks DeRensis & Holland, PC
99 Summer Street
Boston, MA  02110
(617) 951-2300

DWLIB 177977v1
129/00

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/hand on this date.

*[signature]*
4-12-05

## EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994-NMG

| |
|---|
| PARENTS OF DANIELLE <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS DEPARTMENT OF EDUCTION, DAVID P. DRISCOLL, COMMISSIONER; and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEGENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN and SUZANNE PEYTON <br><br> Defendants |

This action came on for hearing before this Court presiding on the Sharon School Committee's Motion for Summary Judgment on Count II of Complaint, and the issues having been duly heard and findings having been duly rendered,

**IT IS ORDERED that:**

1. Within fifteen (15) calendar days of the date of this order, Plaintiffs and Defendants School Committee for the Town of Sharon, being Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein and Suzanne Peyton, and a representative of the

2

Sharon Public Schools (collectively, "Sharon"), shall execute the releases that are annexed collectively hereto as Exhibit "1";

2. Within seven (7) calendar days of the mutual execution and exchange of the releases, Sharon shall pay Plaintiffs the total Sum of $30,000.00 (the "Settlement Sum");

3. Upon payment of the Settlement Sum, the parties, including the Massachusetts Department of Education, shall execute and file a Stipulation of Dismissal which dismisses Count II of the Complaint, with prejudice.

ENTERED AS AN ORDER THIS _____ DAY OF _____, 2005.

_____

## EXHIBIT "1"

For and in consideration of the payment of the amount of Thirty Thousand Dollars ($30,000.00), and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Albert Benson and Diane Benson, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasors") hereby remise, release and forever discharge the School Committee for the Town of Sharon, comprised of Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton, and the Sharon Public Schools, and their insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasors may now or hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit brought in the United States District Court for the District of Massachusetts, Docket No. 04-10994, and including but not limited to any and all claims under 20 U.S.C. § 1415 (i)(3)(B). The Releasors, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against Releasees, that is related in any way to any claim or claims released herein.

[Signatures on the following page]

_____
Albert Benson

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF _____

On this ____ day of April, 2005 before me personally came Albert Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.

_____
Notary Public
My Commission Expires:

_____
Diane Benson

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF _____

On this ____ day of April, 2005 before me personally came Diane Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.

_____
Notary Public
My Commission Expires:

4

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the School Committee for the Town of Sharon, comprised of Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton, and the Sharon Public Schools, and their insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasors") hereby remise, release and forever discharge Albert Benson and Diane Benson, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasors may now or hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit filed in the United States District Court for the District of Massachusetts, Docket No. 04-10994.   Releasors, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against the Releasees, that is related in any way to any claim or claims released herein.

                                        Sharon Public Schools,

                                        _____

                                        By:
                                        Its:

5

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came _____, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

                                                   _____
                                                   Notary Public
                                                   My Commission Expires:

                                                 _____
                                                 Sam Liao,

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came Sam Liao, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

                                                 _____
                                                 Notary Public
                                                 My Commission Expires:

                                               _____
                                                 Andrew Negenzahl,

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came Andrew Neganzahl, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

                                                 _____
                                                 Notary Public
                                                 My Commission Expires:

_____
Donald Gilligan,

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this \_\_\_\_ day of April, 2005 before me personally came Donald Gilligan, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Jane Furr

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this \_\_\_\_ day of April, 2005 before me personally came Jane Furr, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Mitch Blaustein

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came Mitch Blaustein, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Suzanne Peyton

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came Suzanne Peyton, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires: