UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994-NMG

PARENTS OF DANIELLE

     Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF
EDUCTION, DAVID P. DRISCOLL,
COMMISSIONER; and SCHOOL
COMMITTEE FOR THE TOWN OF
SHARON: SAM LIAO, ANDREW
NEGENZAHL, DONALD GILLIGAN, JANE
FURR, MITCH BLAUSTEIN and SUZANNE
PEYTON

     Defendants

## AFFIDAVIT OF TAMMY L. RICHARDSON IN SUPPORT OF SHARON SCHOOL COMMITTEE'S MOTION FOR SUMMARY JUDGMENT ON COUNT II OF COMPLAINT

Tammy L. Richardson, being duly sworn, deposes and state as follows:

1.     I am an attorney with the law firm Deutsch Williams Brooks DeRensis &

Holland, counsel to Defendants School Committee for the Town of Sharon, being Sam Liao,

Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein and Suzanne Peyton

(collectively, "Sharon") in this matter.   I make this Affidavit based upon my personal

knowledge.

2.      Plaintiffs' daughter Danielle[1] is a student at Sharon Public Schools.  In the summer of 2003, Plaintiffs filed a Request for Hearing at the Massachusetts Bureau of Special Education Appeals ("the Bureau"), seeking a ruling that Danielle should be placed at the Landmark School, a private special education school located in Prides Crossing, Massachusetts.

3.      Sharon and the Plaintiffs had a hearing before the Bureau, on October 2, 3, and 22, 2003.

4.      The Bureau issued decisions on January 12, 2004 and April 20, 2004, that (a) Sharon was not providing FAPE; (b) Sharon should locate or create an appropriate program for Student; (c) Sharon should fund an independent evaluator to observe its program and determine if it could be made appropriate with modifications; and, after the evaluator's recommendations (d) that Sharon's program could be modified to meet Student's needs.

5.      In February 2005, the parties entered into settlement discussions regarding Count II of the Complaint filed in this matter, which seeks an award of Attorneys Fees in connection with the hearing before the Bureau.   For purposes of these settlement discussions, Plaintiffs were represented by Ruth Bortzfield, and I represented Sharon.

6.      On February 15, 2005, after exchanging various demands and counter-demands, Plaintiffs and Sharon agreed to settle Count II for the total payment by Sharon to Plaintiffs of Thirty Thousand Dollars ($30,000.00).   I was authorized by Sharon to agree to this settlement, and Ms. Bortzfield represented to me that she was authorized by Plaintiffs to agree to this settlement.

---

[1] In its written decisions, the Massachusetts Bureau of Special Education Appeals have referred to the child as "Danielle", although that is not her true name, to protect her privacy.  Sharon will continue using that name in this Motion.

7.     Prior to entering into the agreement to settle Count II, Ms. Bortzfield had stated that she would be withdrawing as counsel for Plaintiffs.   We had previously agreed to a continuance of a scheduling conference before the Court, to allow Plaintiffs to find new counsel. However, at the time of the settlement negotiations and the agreement that was reached on February 15th, Ms. Bortzfield remained as counsel of record for Plaintiffs.  She had not yet filed a Notice of Withdrawal as counsel, and no other attorney had filed an appearance on behalf of Plaintiffs.

8.     After agreeing to settle Count II for $30,000.00, I drafted a written settlement agreement, which I sent to Ms. Bortzfield on February 17, 2005.  A true and accurate copy of the letter and draft settlement agreement is annexed hereto as Exhibit A.

9.     Ms. Bortzfield and I then spoke on February 22, 2005, and Ms. Bortzfield requested some edits to the settlement agreement, which I agreed to.   When I had not yet made the edits to the settlement agreement, Ms. Bortzfield sent me a letter dated February 28, 2005, requesting the redlined settlement agreement.  A true and accurate copy of her letter is annexed hereto as Exhibit B.

10.     I then prepared a "redlined" agreement so Ms. Bortzfield could see the agreed-upon edits, and emailed it to Ms. Bortzfield on March 2, 2005.  A true and accurate copy of my email and the redlined agreement is annexed hereto as Exhibit C.

11.     Ms. Bortzfield then responded by email on March 3, 2005, stating that she had sent a copy of the redlined agreement to the Plaintiffs and planned to speak with them that weekend.    A true and accurate copy of her email is annexed hereto as Exhibit D.

12.     I then left telephone messages for Ms. Bortzfield during the following week.  On March 15, 2005, Ms. Bortzfield left me a voicemail message, stating that she had not yet been able to reach her clients.

13.     On March 22, 2005, Ms. Bortzfield and I spoke by telephone.  Ms. Bortzfield told me she had not yet spoken with the Plaintiffs and had not been able to reach them.  Ms. Bortzfield said she had repeatedly called her clients and also sent them written correspondence, but they had failed to respond to any of her communications.   We discussed the fact that a verbal settlement agreement had been reached, and Ms. Bortzfield stated that she had had Plaintiffs' authority to agree to the settlement with Sharon on Plaintiffs' behalf.

14.     On March 29, 2005, I received Ms. Bortzfield's Notice of Withdrawal of Appearance as counsel for Plaintiffs.  The Notice of Withdrawal was copied to Attorney Alanna Cline, who is believed to be the Bensons new attorney.

15.     On April 4, 2005, I sent Ms. Cline a copy of the Settlement Agreement, asking Ms. Cline to call me.   A true and accurate copy of my letter to her is annexed hereto as Exhibit "E".  Ms. Cline has never responded.   On April 12, I telephoned Ms. Cline and left a message with her secretary, asking her to call me.   As of the time of the filing of this motion later in the day, the call has not been returned.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _12_ DAY OF APRIL, 2005.

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail on this date.
_Richardson_
4-12-05

_Richardson_
Tammy L. Richardson

DWLIB 178398v1
129/00

 **DEUTSCH | WILLIAMS**

99 Summer Street
Boston, MA 02110-1213
617.951.2300
617.951.2323 fax

February 17, 2005

Ruth N. Bortzfield, Esq.
462 Boston Street, Suite 3
Topsfield, MA 01983

**RE:   Benson v. Sharon Public Schools**

Dear Attorney Bortzfield:

Enclosed is a draft settlement agreement for your review. I have not yet had the opportunity to show it to my client, so must reserve the right to make changes. Please call me after you have had the chance to review the agreement.

Thank you.

Sincerely,

Tammy L. Richardson

TLR:rdm
Enclosure
cc:    Judy Levin-Charns, Ed. D., Director of Student Services (w/out enclosure)
        Barry L. Mintzer, Esq., (w/o encl.):

DWLIB 175885v1
129/00

---

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is made and entered into this ____ day of February, 2005, by and between the following parties: (a) the School Committee for the Town of Sharon, comprised of Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton (collectively, the "School Committee"), and the Sharon Public Schools, with an address of 75 Mountain Street, Sharon, MA 02067 (the School Committee and the Sharon Public Schools shall collectively be referred to herein as "Sharon"); and (b) Albert Benson and Diane Benson, who reside at _____, Sharon, MA (the "Bensons").

## WITNESSETH

WHEREAS, the Bensons daughter ("Student") is enrolled at Sharon's public schools;

WHEREAS, Student has learning disabilities which require special education services;

WHEREAS, Sharon and the Bensons disagreed over whether Student should be enrolled at the Landmark School or whether she should continue within the Sharon Public Schools;

WHEREAS, the Bensons requested a hearing before Bureau of Special Education Appeals (the "Bureau"), to resolve these differences;

WHEREAS, the parties had a hearing before the Bureau, on October 2, 3, and 22, 2003;

WHEREAS, the Bureau issued decisions on January 12, 2004 and April 20, 2004, that Student should not be enrolled at the Landmark School, and ordering additional services to be provided to Student by Sharon;

WHEREAS, the Bensons have now filed suit in the United States District Court for the District of Massachusetts, Docket No. 04-10994-JLT (the "Lawsuit"), seeking (a) to overturn the

1

Bureau's decision (Count I of the Complaint), and (b) to recover its attorneys fees in connection with bringing their case before the Bureau (Count II of the Complaint); and

WHEREAS, the parties hereto desire to settle and compromise any and all disputes, controversies, claims or other actions between Sharon on the one hand and the Bensons on the other hand, concerning the Bensons' entitlement to an attorneys fee award (Count II of the Complaint);

NOW, THEREFORE, in consideration of the promises, covenants and agreements contained herein and other good and valuable consideration, receipt and adequacy of which is hereby acknowledged, the parties agree as follows:

1.      The settlement contemplated by this agreement shall close on March 1, 2005 (the "Closing Date").

2.      Sharon shall pay to the Bensons the total sum of Thirty Thousand Dollars ($30,000.00) (the "Settlement Sum").  The Settlement Sum shall be paid by check payable to Ruth Bortzfield, as attorney for Albert and Diane Benson, and shall be sent to the Law Offices of Ruth Bortzfield, 462 Boston Street, Suite 3, Topsfield, MA  01983.  The Settlement Sum shall be paid by the Closing Date.  Upon receipt, the Settlement Sum shall be held in escrow by Attorney Bortzfield and not released to the Bensons until (a) the Closing Date; (b) all parties have signed this Agreement and fully executed copies have been received by the parties' respective counsel;  and (c) the Stipulation of Dismissal has been fully executed and filed with the Court, as set forth in paragraph 3, herein.

3.      The parties shall execute the Stipulation of Dismissal which is annexed hereto as Exhibit "A" and said Stipulation of Dismissal shall be filed with the United States District Court, District of Massachusetts, by the Bensons' attorney, on the Closing Date, provided that the Settlement Sum has been paid.

4.      For and in consideration of the aforementioned undertakings of Sharon, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the Bensons, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasors") hereby remise, release and forever discharge Sharon, and its insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasor may now or hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit, and including but not limited to any and all claims under 20 U.S.C. § 1415 (i)(3)(B). This release specifically excludes any rights, obligations or duties arising out of this Agreement.

5.      The Bensons, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against Releasees, that is related in any way to any claim or claims released in the preceding paragraph.

3

6.        For and in consideration of the aforementioned undertakings of the Bensons, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Sharon, and its insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasors") hereby remise, release and forever discharge the Bensons, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasor may now or hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit.  This release specifically excludes any rights, obligations or duties arising out of this Agreement.

7.        Sharon, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against the Bensons,  that is related in any way to any claim or claims released in the preceding paragraph.

8.        The Bensons acknowledge that they were advised to consult with an attorney prior to executing this Agreement, that they have done so, and that they have executed the Agreement in reliance on no promises or inducements other that those which are specifically set forth in this Agreement.

4

9.    The Parties agree that the existence and the terms of this Agreement, the substance of the Bensons' claims, complaints or allegations against Sharon, and the negotiations which led to this Agreement, shall be kept confidential, and shall not be disclosed except to: the respective attorneys, accountants, bankers (collectively, the "Professionals") of each of the Parties; the Parties themselves; in response to subpoena, court order; or pursuant to a public records request to Sharon (if applicable), or in any proceeding to enforce this Agreement.

10.    The Bensons acknowledges and agrees that Sharon has not made any representation to them concerning any tax consequence of the payment and/or receipt of the Settlement Sum and the Bensons shall be responsible for paying all taxes, state and federal, that may be due, imposed or assessed against them as a result of this payment.

11.    Each party to this Agreement shall bear her or its own costs and expenses attributable to the Lawsuit and the settlement of Count II of the Lawsuit, including, but not limited to, attorneys' fees (except as otherwise provided herein).

12.    The parties acknowledge that this Agreement is in settlement of claims that are disputed.  Nothing contained herein shall be construed as either an admission as to the truth or falsity of the allegations contained in the Lawsuit.

13.    This Agreement shall be deemed to have been executed and delivered in Massachusetts and shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

14.    Each of the parties hereto represents and agrees that the person signing this Agreement on behalf of each party has full power and authority to enter into, execute and perform the Agreement and to compromise the claims or potential claims referred to herein.

5

15.     This Agreement is an integrated document and contains the entire agreement between the parties with respect to the matters referred to herein. No variations or modifications hereof shall be deemed valid unless reduced to writing and signed by the parties. No waiver, express or implied, of any breach of any covenant or agreement shall be held or construed as a waiver of any other breach of any other covenant or agreement.

16.     The parties acknowledge that they have had an opportunity to consult with legal counsel prior to execution of this Agreement, that they are entering into this Agreement without duress, and that their signature is their free act and deed.

17.     The parties agree that they have each participated in drafting this Agreement.

18.     The parties agree that this Agreement is binding upon and inures to the benefit of each of their respective officers, directors, shareholders, employees, servants, agents, partners, affiliates, subsidiaries, attorneys, estate, heirs, successors, and assigns.

19.     This Agreement may be amended, supplemented or modified only by a writing signed by each of the Parties hereto.

20.     The parties agree that each party shall execute multiple sets of this Agreement and their respective attorneys thereafter shall affix the pages to this Agreement and each party shall receive an original signed Agreement.

EXECUTED as an agreement under seal in accordance with the laws of the Commonwealth of Massachusetts this _____ day of February, 2005.

Sharon Public Schools,

_____

By:

Its:

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

   On this _____ day of February, 2005 before me personally came _____, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____

Notary Public

My Commission Expires:

_____

Sam Liao,

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

   On this _____ day of February, 2005 before me personally came Sam Liao, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____

Notary Public

My Commission Expires:

7

_____

Andrew Negenzahl,

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

   On this ____ day of February, 2005 before me personally came Andrew Neganzahl, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____

Notary Public
My Commission Expires:

_____

Donald Gilligan,

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

   On this ____ day of February, 2005 before me personally came Donald Gilligan, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____

Notary Public
My Commission Expires:

8

_____
Jane Furr

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of February, 2005 before me personally came Jane Furr, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Mitch Blaustein

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of February, 2005 before me personally came Mitch Blaustein, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Suzanne Peyton

## COMMONWEALTH OF MASSACHUSETTS

9

COUNTY OF _____

On this ____ day of February, 2005 before me personally came Suzanne Peyton, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:


_____
Albert Benson


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of February, 2005 before me personally came _____ Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.

_____
Notary Public
My Commission Expires:


_____
Diane Benson


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

10

On this _____ day of February, 2005 before me personally came Diane Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.

_____
Notary Public
My Commission Expires:

DWLIB 175618v1
129/00

11

# RUTH N. BORTZFIELD

*Attorney at Law*
**462 Boston Street, Suite 3**
**Topsfield, MA  01983**

*Phone:  (978) 887-3931*                                      *Fax:   (978) 887-7699*

_**VIA FACSIMILE (617) 951-2323 ONLY**_

February 28, 2005

Ms. Tammy L. Richardson, Esq.
Deutsch/Williams
99 Summer Street
Boston, Massachusetts  02110-1213

        RE:    Parents of Danielle v. Massachusetts Department of Education, et al.
               Civil Action No. 04-10994-NMG

Dear Attorney Richardson:

Pursuant to the voice mail message left at your office this morning, when may I expect to receive the revised Agreement relative to the above matter?

Very truly yours,

Ruth N. Bortzfield, Esq.

RNB/ls
Copy:   Albert and Diane Benson