## Tammy L. Richardson

**From:** Tammy L. Richardson
**Sent:** Wednesday, March 02, 2005 2:58 PM
**To:** 'RNbortz@aol.com'
**Subject:** revised settlement agreement



DWLIB_176393_1.
DOC

Ruth:

Attached for your review is a redlined settlement agreement.

Tammy

Tammy L. Richardson
Deutsch Williams
99 Summer Street
Boston, MA 02110
phone 617-951-2300
fax 617-951-2323

1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is made and entered into this ____ day of February, 2005, by and between the following parties: (a) the School Committee for the Town of Sharon, comprised of Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton (collectively, the "School Committee"), and the Sharon Public Schools, with an address of 75 Mountain Street, Sharon, MA 02067 (the School Committee and the Sharon Public Schools shall collectively be referred to herein as "Sharon"); and (b) Albert Benson and Diane Benson, who reside at 21 Bluff Head Rd., , Sharon, MA (the "Bensons").

## WITNESSETH

WHEREAS, the Bensons' daughter ("Student") is enrolled in Sharon's public schools;

WHEREAS, Student has learning disabilities which require special education services;

WHEREAS, Sharon and the Bensons disagreed over whether Sharon was providing a free appropriate public education ("FAPE") to Student and whether Student should be enrolled at the Landmark School or whether she should continue within the Sharon Public Schools;

WHEREAS, the Bensons requested a hearing before Bureau of Special Education Appeals (the "Bureau"), to resolve these differences;

WHEREAS, the parties had a hearing before the Bureau, on October 2, 3, and 22, 2003;

WHEREAS, the Bureau issued decisions on January 12, 2004 and April 20, 2004, that (a) Sharon was not providing FAPE; (b) Sharon should locate or create an appropriate program for Student; (c) Sharon should fund an independent evaluator to observe its program and determine if it

1

could be made appropriate with modifications; and, after the evaluator's recommendations (d) that Sharon's program could be modified to meet Student's needs. ;

WHEREAS, the Bensons have now filed suit in the United States District Court for the District of Massachusetts, Docket No. 04-10994-JLT (the "Lawsuit"), seeking (a) to overturn the Bureau's decision (Count I of the Complaint), and (b) to recover their attorneys fees in connection with bringing their case before the Bureau (Count II of the Complaint); and

WHEREAS, the parties hereto desire to settle and compromise any and all disputes, controversies, claims or other actions between Sharon on the one hand and the Bensons on the other hand, concerning the Bensons' entitlement to an attorneys fee award (Count II of the Complaint);

NOW, THEREFORE, in consideration of the promises, covenants and agreements contained herein and other good and valuable consideration, receipt and adequacy of which is hereby acknowledged, the parties agree as follows:

1.      The settlement contemplated by this agreement shall close on March 15, 2005 (the "Closing Date").

1

2.　　　　Sharon shall pay to the Bensons the total sum of Thirty Thousand Dollars ($30,000.00) (the "Settlement Sum"). The Settlement Sum shall be paid by check payable to Ruth Bortzfield, as attorney for Albert and Diane Benson, and shall be sent to the Law Offices of Ruth Bortzfield, 462 Boston Street, Suite 3, Topsfield, MA 01983. The Settlement Sum shall be paid by the Closing Date. Upon receipt, the Settlement Sum shall be held in escrow by Attorney Bortzfield and not released to the Bensons until (a) the Closing Date; (b) all parties have signed this Agreement and fully executed copies have been received by the parties' respective counsel; and (c) the Stipulation of Dismissal has been fully executed and filed with the Court, as set forth in paragraph 3, herein.

3.　　　　The parties shall execute the Stipulation of Dismissal which is annexed hereto as Exhibit "A" and said Stipulation of Dismissal shall be filed with the United States District Court, District of Massachusetts, by the Bensons' attorney, on the Closing Date, provided that the Settlement Sum has been paid.

4.　　　　For and in consideration of the aforementioned undertakings of Sharon, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the Bensons, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasors") hereby remise, release and forever discharge Sharon, and its insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasor may now or

1

hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit, and including but not limited to any and all claims under 20 U.S.C. § 1415 (i)(3)(B). This release specifically excludes any rights, obligations or duties arising out of this Agreement.

5.    The Bensons, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against Releasees, that is related in any way to any claim or claims released in the preceding paragraph.

6.    For and in consideration of the aforementioned undertakings of the Bensons, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Sharon, and its insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasors") hereby remise, release and forever discharge the Bensons, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasor may now or hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit.  This release specifically excludes any rights, obligations or duties arising out of this Agreement.

1

7.    Sharon, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against the Bensons, that is related in any way to any claim or claims released in the preceding paragraph.

8.    The Bensons acknowledge that they were advised to consult with an attorney prior to executing this Agreement, that they have done so, and that they have executed the Agreement in reliance on no promises or inducements other that those which are specifically set forth in this Agreement.

9.    The Parties agree that the existence and the terms of this Agreement, the substance of the Bensons' claims, complaints or allegations against Sharon, and the negotiations which led to this Agreement, shall be kept confidential, and shall not be disclosed except to: the respective attorneys, accountants, bankers (collectively, the "Professionals") of each of the Parties; the Parties themselves; in response to subpoena, court order; or pursuant to a public records request to Sharon (if applicable), or in any proceeding to enforce this Agreement.

10.    The Bensons acknowledge and agree that Sharon has not made any representation to them concerning any tax consequence of the payment and/or receipt of the Settlement Sum and the Bensons shall be responsible for paying all taxes, state and federal, that may be due, imposed or assessed against them as a result of this payment.

11.    Each party to this Agreement shall bear its or their own costs and expenses attributable to the settlement of Count II of the Lawsuit, including, but not limited to, attorneys' fees (except as otherwise provided herein).

1

12.    The parties acknowledge that this Agreement is in settlement of claims that are disputed. Nothing contained herein shall be construed as either an admission as to the truth or falsity of the allegations contained in the Lawsuit.

13.    This Agreement shall be deemed to have been executed and delivered in Massachusetts and shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

14.    Each of the parties hereto represents and agrees that the person signing this Agreement on behalf of each party has full power and authority to enter into, execute and perform the Agreement and to compromise the claims or potential claims referred to herein.

15.    This Agreement is an integrated document and contains the entire agreement between the parties with respect to the matters referred to herein. No variations or modifications hereof shall be deemed valid unless reduced to writing and signed by the parties. No waiver, express or implied, of any breach of any covenant or agreement shall be held or construed as a waiver of any other breach of any other covenant or agreement.

16.    The parties acknowledge that they have had an opportunity to consult with legal counsel prior to execution of this Agreement, that they are entering into this Agreement without duress, and that their signature is their free act and deed.

17.    The parties agree that they have each participated in drafting this Agreement.

18.    The parties agree that this Agreement is binding upon and inures to the benefit of each of their respective officers, directors, shareholders, employees, servants, agents, partners, affiliates, subsidiaries, attorneys, estate, heirs, successors, and assigns.

1

19.    This Agreement may be amended, supplemented or modified only by a writing signed by each of the Parties hereto.

20.    The parties agree that each party shall execute multiple sets of this Agreement and their respective attorneys thereafter shall affix the pages to this Agreement and each party shall receive an original signed Agreement.

EXECUTED as an agreement under seal in accordance with the laws of the Commonwealth of Massachusetts this _____ day of February, 2005.

Sharon Public Schools,

_____
By:
Its:

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of February, 2005 before me personally came _____,
who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

1

_____

Sam Liao,


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of February, 2005 before me personally came Sam Liao, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.


_____

Notary Public
My Commission Expires:


_____

Andrew Negenzahl,


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of February, 2005 before me personally came Andrew Neganzahl, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.


_____

Notary Public
My Commission Expires:

_____

Donald Gilligan,


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of February, 2005 before me personally came Donald Gilligan, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.


_____

Notary Public
My Commission Expires:


_____

Jane Furr


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of February, 2005 before me personally came Jane Furr, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.


_____

Notary Public
My Commission Expires:


_____

1

Mitch Blaustein

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of February, 2005 before me personally came Mitch Blaustein, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Suzanne Peyton

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of February, 2005 before me personally came Suzanne Peyton, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Albert Benson

## COMMONWEALTH OF MASSACHUSETTS
COUNTY OF _____

1

On this _____ day of February, 2005 before me personally came _____ Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.

_____
Notary Public
My Commission Expires:


_____
Diane Benson


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of February, 2005 before me personally came Diane Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.

_____
Notary Public
My Commission Expires:

1

**Tammy L. Richardson**

| | |
|---|---|
| **From:** | fushia39 [fushia39@earthlink.net] |
| **Sent:** | Thursday, March 03, 2005 11:34 AM |
| **To:** | Tammy L. Richardson |
| **Cc:** | rnbortz@AOL.com |
| **Subject:** | Revised Benson Settlement Agreement |

Dear Tammy,

I am sending this from my daughter-in-law's e-mail because I can't seem to send it otherwise.  I am in Florida right now.

I reviewed the revised Agreement that you sent on 3/2/05 and have instructed my secretary to get a copy to the Benson's for review.  I plan to speak with them on Sunday after they have received it and hope to get back to you by phone on Monday, March 7.

I noticed that all the pages are numbered 1.  In addition, the dates for signature are February and should probably all be changed to March.

Thank you.

Ruth Bortzfield
462 Boston Street
Topsfield, MA 01983
98-887-3931



**DEUTSCH | WILLIAMS**

99 Summer Street
Boston, MA 02110-1213
617.951.2300
617.951.2323 fax

Tammy L. Richardson
tlr@dwboston.com

April 4, 2005

Alanna Cline
300 Market Street
Brighton, MA  02135

      RE:    Parents of Danielle v. Sharon Public Schools

Dear Ms. Cline:

As I am sure you know from my conversations last week with your assistant, this office represents the Sharon Public Schools in connection with the case pending with the Bensons.  I was glad that we could move the court date while your mother was ill - I do hope that she is feeling better.

While Ruth Bortzfield represented the Bensons, we entered into a settlement agreement regarding Count II of the Complaint (the attorney fee claim).  I have enclosed a copy of the settlement agreement which memorializes the agreement (this draft incorporates the edits requested by Ms. Bortzfield).

Please call me at your earliest convenience to discuss this matter.  Thank you.

Sincerely,

Tammy L. Richardson

TLR:tlr

Enclosure

cc:    Judy Levin-Charns, Ed.D., Director of Student Services (w/encl.)
       Barry L. Mintzer (w/o encl.)

DWLIB 178680v1
129/00

DEUTSCH | WILLIAMS | BROOKS | DERENSIS & HOLLAND, P.C.    *Attorneys at Law*

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is made and entered into this _____ day of February, 2005, by and between the following parties:  (a) the School Committee for the Town of Sharon, comprised of Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton (collectively, the "School Committee"), and the Sharon Public Schools, with an address of 75 Mountain Street, Sharon, MA  02067 (the School Committee and the Sharon Public Schools shall collectively be referred to herein as "Sharon"); and (b)  Albert Benson and Diane Benson, who reside at 21 Bluff Head Rd., Sharon, MA (the "Bensons").

## WITNESSETH

WHEREAS, the Bensons' daughter ("Student") is enrolled in  Sharon's public schools;

WHEREAS, Student has learning disabilities which require special education services;

WHEREAS, Sharon and the Bensons disagreed over whether Sharon was providing a free appropriate public education ("FAPE") to Student and whether Student should be enrolled at the Landmark School or whether she should continue within the Sharon Public Schools;

WHEREAS, the Bensons requested a hearing before Bureau of Special Education Appeals (the "Bureau"), to resolve these differences;

WHEREAS, the parties had a hearing before the Bureau, on October 2, 3, and 22, 2003;

WHEREAS, the Bureau issued decisions on January 12, 2004 and April 20, 2004, that (a) Sharon was not providing FAPE; (b) Sharon should locate or create an appropriate program for Student; (c) Sharon should fund an independent evaluator to observe its program and determine if it

1

could be made appropriate with modifications; and, after the evaluator's recommendations (d) that Sharon's program could be modified to meet Student's needs;

WHEREAS, the Bensons have now filed suit in the United States District Court for the District of Massachusetts, Docket No. 04-10994-JLT (the "Lawsuit"), seeking (a) to overturn the Bureau's decision (Count I of the Complaint), and (b) to recover their attorneys fees in connection with bringing their case before the Bureau (Count II of the Complaint); and

WHEREAS, the parties hereto desire to settle and compromise any and all disputes, controversies, claims or other actions between Sharon on the one hand and the Bensons on the other hand, concerning the Bensons' entitlement to an attorneys fee award (Count II of the Complaint);

NOW, THEREFORE, in consideration of the promises, covenants and agreements contained herein and other good and valuable consideration, receipt and adequacy of which is hereby acknowledged, the parties agree as follows:

1.     The settlement contemplated by this agreement shall close on April 15, 2005 (the "Closing Date").

2.    Sharon shall pay to the Bensons the total sum of Thirty Thousand Dollars ($30,000.00) (the "Settlement Sum").  The Settlement Sum shall be paid by check payable to Ruth Bortzfield, as attorney for Albert and Diane Benson, and shall be sent to the Law Offices of Ruth Bortzfield, 462 Boston Street, Suite 3, Topsfield, MA  01983.  The Settlement Sum shall be paid by the Closing Date.  Upon receipt, the Settlement Sum shall be held in escrow by Attorney Bortzfield and not released to the Bensons until (a) the Closing Date; (b) all parties have signed this Agreement and fully executed copies have been received by the parties' respective counsel;  and (c) the Stipulation of Dismissal has been fully executed and filed with the Court, as set forth in paragraph 3, herein.

3.    The parties shall execute the Stipulation of Dismissal which is annexed hereto as Exhibit "A" and said Stipulation of Dismissal shall be filed with the United States District Court, District of Massachusetts, by the Bensons' attorney, on the Closing Date, provided that the Settlement Sum has been paid.

4.    For and in consideration of the aforementioned undertakings of Sharon, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the Bensons, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasors") hereby remise, release and forever discharge Sharon, and its insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasor may now or hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or

3

thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit, and including but not limited to any and all claims under 20 U.S.C. § 1415 (i)(3)(B). This release specifically excludes any rights, obligations or duties arising out of this Agreement.

5.    The Bensons, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against Releasees, that is related in any way to any claim or claims released in the preceding paragraph.

6.    For and in consideration of the aforementioned undertakings of the Bensons, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Sharon, and its insurers, successors, assigns, affiliates, predecessors, attorneys, agents, servants, representatives, and employees (collectively, the "Releasors") hereby remise, release and forever discharge the Bensons, and their heirs, affiliates, predecessors, employees, agents, servants, representatives, attorneys, executors, administrators, successors and assigns (collectively, the "Releasees") from any and all sums of money, claims, demands, suits, debts, dues, contracts, accounts, agreements, promises, damages, causes of action and judgments of whatever kind or nature, either known or unknown, suspected or unsuspected which the Releasor may now or hereafter own, hold, have or claim to have against Releasees, by reason of any manner, cause or thing from the beginning of the world to the date of this Agreement, that are related to Count II of the Lawsuit.  This release specifically excludes any rights, obligations or duties arising out of this Agreement.

4

7.    Sharon, for the above stated good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby covenant and promise not to commence directly on their own behalf, or indirectly on behalf of another person or entity, any suit, arbitration, action or adversary proceeding of any kind against the Bensons, that is related in any way to any claim or claims released in the preceding paragraph.

8.    The Bensons acknowledge that they were advised to consult with an attorney prior to executing this Agreement, that they have done so, and that they have executed the Agreement in reliance on no promises or inducements other that those which are specifically set forth in this Agreement.

9.    The Parties agree that the existence and the terms of this Agreement, the substance of the Bensons' claims, complaints or allegations against Sharon, and the negotiations which led to this Agreement, shall be kept confidential, and shall not be disclosed except to: the respective attorneys, accountants, bankers (collectively, the "Professionals") of each of the Parties; the Parties themselves; in response to subpoena, court order; or pursuant to a public records request to Sharon (if applicable), or in any proceeding to enforce this Agreement.

10.    The Bensons acknowledge and agree that Sharon has not made any representation to them concerning any tax consequence of the payment and/or receipt of the Settlement Sum and the Bensons shall be responsible for paying all taxes, state and federal, that may be due, imposed or assessed against them as a result of this payment.

11.    Each party to this Agreement shall bear its or their own costs and expenses attributable to the settlement of Count II of the Lawsuit, including, but not limited to, attorneys' fees (except as otherwise provided herein).

5

12.     The parties acknowledge that this Agreement is in settlement of claims that are disputed. Nothing contained herein shall be construed as either an admission as to the truth or falsity of the allegations contained in the Lawsuit.

13.     This Agreement shall be deemed to have been executed and delivered in Massachusetts and shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

14.     Each of the parties hereto represents and agrees that the person signing this Agreement on behalf of each party has full power and authority to enter into, execute and perform the Agreement and to compromise the claims or potential claims referred to herein.

15.     This Agreement is an integrated document and contains the entire agreement between the parties with respect to the matters referred to herein. No variations or modifications hereof shall be deemed valid unless reduced to writing and signed by the parties. No waiver, express or implied, of any breach of any covenant or agreement shall be held or construed as a waiver of any other breach of any other covenant or agreement.

16.     The parties acknowledge that they have had an opportunity to consult with legal counsel prior to execution of this Agreement, that they are entering into this Agreement without duress, and that their signature is their free act and deed.

17.     The parties agree that they have each participated in drafting this Agreement.

18.     The parties agree that this Agreement is binding upon and inures to the benefit of each of their respective officers, directors, shareholders, employees, servants, agents, partners, affiliates, subsidiaries, attorneys, estate, heirs, successors, and assigns.

19.     This Agreement may be amended, supplemented or modified only by a writing signed by each of the Parties hereto.

6

20.     The parties agree that each party shall execute multiple sets of this Agreement and their respective attorneys thereafter shall affix the pages to this Agreement and each party shall receive an original signed Agreement.

EXECUTED as an agreement under seal in accordance with the laws of the Commonwealth of Massachusetts this _____ day of April, 2005.

Sharon Public Schools,

_____
By:
Its:

### COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of April, 2005 before me personally came _____, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Sam Liao,

7

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came Sam Liao, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:


_____
Andrew Negenzahl,

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came Andrew Neganzahl, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:


_____
Donald Gilligan,

COMMONWEALTH OF MASSACHUSETTS

8

COUNTY OF _____

On this _____ day of April, 2005 before me personally came Donald Gilligan, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Jane Furr

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of April, 2005 before me personally came Jane Furr, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Mitch Blaustein

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

9

On this _____ day of April, 2005 before me personally came Mitch Blaustein, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Suzanne Peyton

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this _____ day of April, 2005 before me personally came Suzanne Peyton, who executed the foregoing instrument and duly acknowledged to me that he/she executed the same.

_____
Notary Public
My Commission Expires:

_____
Albert Benson

## COMMONWEALTH OF MASSACHUSETTS
COUNTY OF _____

On this _____ day of April, 2005 before me personally came Albert Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.

_____
Notary Public
My Commission Expires:

10

_____
Diane Benson


## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

On this ____ day of April, 2005 before me personally came Diane Benson, to me known, who executed the foregoing instrument and duly acknowledged to me that she executed the same.


_____
Notary Public
My Commission Expires:


DWLIB 176393v1
129/00

11