UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994-NMG

| | |
|---|---|
| PARENTS OF DANIELLE<br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF EDUCTION, DAVID P. DRISCOLL, COMMISSIONER; and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEGENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN and SUZANNE PEYTON<br>Defendants | |

## SHARON SCHOOL COMMITTEE'S CONCISE STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendants, School Committee for the Town of Sharon, being Sam Liao, Andrew Negenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein and Suzanne Peyton (collectively, "Sharon"), hereby submit their concise statement of material facts, in support of their motion for the entry of summary judgment on Count II of the Complaint.

1. Plaintiffs' daughter Danielle[1] is a student at Sharon Public Schools. In the summer of 2003, Plaintiffs filed a Request for Hearing at the Massachusetts Bureau of Special Education Appeals ("the Bureau"), seeking a ruling that Danielle should be placed at the

---

[1] In its written decisions, the Massachusetts Bureau of Special Education Appeals have referred to the child as "Danielle", although that is not her true name, to protect her privacy. Sharon will continue using that name.

Landmark School, a private special education school located in Prides Crossing, Massachusetts. Richardson Aff., ¶2.

2.      Sharon and the Plaintiffs had a hearing before the Bureau, on October 2, 3, and 22, 2003. Richardson Aff., ¶3.

3.      The Bureau issued decisions on January 12, 2004 and April 20, 2004, that (a) Sharon was not providing FAPE; (b) Sharon should locate or create an appropriate program for Student; (c) Sharon should fund an independent evaluator to observe its program and determine if it could be made appropriate with modifications; and, after the evaluator's recommendations (d) that Sharon's program could be modified to meet Student's needs. Richardson Aff., ¶4.

4.      Plaintiffs then filed this lawsuit, seeking (in Count II) an award of Attorneys fees pursuant to 20 USC § 1415(i)(3)(B). They claim that they are the "prevailing party" pursuant to that statute and therefore entitled to a fee award. *See*, Plaintiffs' Complaint.

5.      In February 2005, the parties entered into settlement discussions regarding Count II. For purposes of these settlement discussions, Plaintiffs were represented by Ruth Bortzfield, and Sharon was represented by Tammy Richardson. Richardson Aff., ¶5.

6.      On February 15, 2005, Plaintiffs and Sharon agreed to settle Count II for the total payment by Sharon to Plaintiffs of Thirty Thousand Dollars ($30,000.00). Ms. Richardson was authorized by Sharon to agree to this settlement, and Ms. Bortzfield represented to Ms. Richardson that she was authorized by Plaintiffs to agree to this settlement. Richardson Aff., ¶6.

7.      Prior to entering into the agreement to settle Count II, Ms. Bortzfield had stated that she would be withdrawing as counsel for Plaintiffs. However, at the time of the settlement negotiations and the agreement that was reached on February 15th, Ms. Bortzfield remained as

counsel of record for Plaintiffs. She had not yet filed a Notice of Withdrawal as counsel, and no other attorney had filed an appearance on behalf of Plaintiffs. Richardson Aff., ¶7.

8. After agreeing to settle Count II for $30,000.00, Ms. Richardson drafted a written settlement agreement. She sent it to Ms. Bortzfield on February 17, 2005. Richardson Aff., ¶8, and Exhibit A thereto.

9. Ms. Bortzfield requested some edits to the settlement agreement, which Ms. Richardson agreed to. Richardson Aff., ¶9.

10. Ms. Richardson then prepared a "redlined" agreement so Ms. Bortzfield could see the agreed upon edits, and emailed it to Ms. Bortzfield on March 2, 2005. Richardson Aff., ¶10 and Exhibit C thereto.

11. The Plaintiffs have never signed the agreement. When Ms. Richardson and Ms. Bortzfield last spoke, Ms. Bortzfield agreed that she had had authority to enter into the settlement on her clients' behalf. Richardson Aff., ¶¶11-13.

SHARON SCHOOL COMMITTEE
By its attorneys,

/s/ Richardson
Tammy L. Richardson, BBO #567766
Deutsch Williams Brooks DeRensis & Holland, PC
99 Summer Street
Boston, MA 02110
(617) 951-2300

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/[hand] on this date.
/s/ Richardson
4-12-05

DWLIB 179182v1
129/00

3