UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994-NMG

PARENTS OF DANIELLE

    Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF EDUCTION, DAVID P. DRISCOLL, COMMISSIONER; and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEGENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEITN and SUZANNE PEYTON

    Defendants

**AFFIDAVIT OF ATTY. ALANNA G. CLINE IN OPPOSITION TO SHARON SCHOOL COMMITTEE'S MOTION FOR SUMMARY JUDGMENT ON COUNT II OF COMPLAINT**

I, Alanna G. Cline, being duly sworn, deposes and state as follows:

1. I am a adult. I am licensed by the Commonwealth of Massachusetts as an attorney. My usual office for the practice of law is located at 300 Market St., Brighton, MA 02135. I am successor counsel in this matter, and represent *Plaintiff, Parents.*

2. I first met with Albert and Diane Benson on January 21, 2005. Soon after, they requested my representation. A couple of weeks later, I agreed, but only if my activity could be

1

delayed until my anticipated availability in mid-spring. At the time, I was substantially unavailable due to illness in my family, and consequently, an accumulated backlog of other professional obligations.

3. On or about March 10, 2005, *Parents* requested that I review a proposed settlement offer, including proposed text, and advise them.

4. On March 15, 2005, I reviewed the proposed offer, including a proposed draft agreement. I then conferred with *Parents* that evening. We arranged to confer further several days later, which we did. I then called Atty. Bortzfield. I had already understood that parents had previously declined to accept the offer. I confirmed to her that *Parents* remained unwilling to accept the offer.

5. Atty. Bortzfield then withdrew her appearance at the very end of March, 2005.

6. On April 4, 2005, Atty. Richardson then left telephone word for me. I instructed my secretary to tell Atty. Richardson that I intended to undertake representation, but was as yet substantially unavailable due to family illness and previously scheduled obligations.

7. I was finally available just immediately prior to this Court's status/scheduling conference rescheduled for April 15, 2005. I spoke with Atty. Richardson on April 13 or 14, 2005 by phone. We also spoke briefly in person, both before and after the hearing on April 15, 2005. I told her that my clients could not settle for $30,000 unless and until matters were appropriately resolved with Atty. Bortzfield (or words to that effect), and that Parents did not agree to waive fee claims arising from success in these court proceedings, or words to that effect.

8. In regard to settlement language, Atty. Richardson said that this reservation may well have been what her client understood and agreed to, or words to that effect. Atty.

Richardson said she would have to check with her client, *i.e.* to check on their understanding of the agreement in this regard.

9. Based on the file I received from Atty. Bortzfield, on February 17, 2005, Atty. Richardson forwarded a proposed draft agreement. Her cover letter expressly reserved her client's rights to review it. *Ex. 1.*

10. When I spoke with Atty. Richardson in mid-April about my clients' need to resolve matters with Atty. Bortzfield before they could settle the fee issue with *School*, Atty. Richardson told me about specific areas of Atty. Bortzfield's bill that she intended to dispute, and of her intention to depose Atty. Bortzfield at length.

13. I spoke with Atty. Bortzfield two or three times briefly over about a week, and the matter of her fees was settled. That enabled *Parents* to *now* favorably consider the monetary settlement offer from *School*, that being $30,000.00.

15. On May 2, 2005, Atty. Richardson left word that she had not yet heard from her client. On that basis, she left word authorizing an extension of time for *Parents'* opposition, and authorizing me to sign her name to same. An extension was filed to May 9, 2005.

16. I still had no word from Atty. Richardson through Wednesday, May 4, 2005. I left word by voice mail and through receptionists, but there was no response.

17. On or about May 5, 2005, I faxed a follow-up message to Atty. Richardson seeking her response, and gave word that if *School* intended *Parents'* reservation of rights to further fee claims due to these proceedings, then she could consider the matter settled.. As my opposition was due on May 9, 2005, I was concerned to receive a response.

18. I still received no response through the morning of Friday, May 6 2005. I then

3

called several times, but could not reach Atty. Richardson, and received no further word back over the weekend.

19.    *Parents* are now able to accept *School's* $30,000.00 monetary offer, and at the time of the filing of this opposition, we still await further word from Atty. Richardson, should that obviate need of the court to act in regard to this motion.

Signed under the pains and penalties of perjury this May 8, 2005.