UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994-
NMG

PARENTS OF DANIELLE

Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF
EDUCTION, DAVID P. DRISCOLL,
COMMISSIONER: and SCHOOL
COMMITTEE FOR THE TOWN OF
SHARON: SAM LIAO, ANDREW
NEGENZAHL, DONALD GILLIGAN, JANE
FURR, MITCH BLAUSTEITN and SUZANNE
PEYTON

Defendants

## AFFIDAVIT OF ALBERT BENSON IN OPPOSITION TO
## SHARON SCHOOL COMMITTEE'S MOTION FOR
## SUMMARY JUDGMENT ON COUNT II OF COMPLAINT

Albert Benson, being duly sworn, deposes and state as follows:

I am a adult. I am the Father of "Danielle" in this matter. My wife, Diane Benson, is

Danielle's mother.

1.     Danielle attends Sharon Public Schools. In the summer of 2003, we requested a

hearing at the Massachusetts' Bureau of Special Education Appeals ("BSEA"). Dissatisfied

1

with special education services offered by Sharon, we asked that Danielle be placed at the Landmark School, an out of district private school specialized in teaching children with language based learning disorders.

2.   BSEA hearings were held on October 2, 3, and 22, and March 10, 2003.

3.   The BSEA issued decisions on January 12, 2004 and April 20, 2004, that (a) Sharon was not providing FAPE; (b) Sharon should locate or create an appropriate program for Danielle; (c) Sharon should engage and pay for an independent evaluator to determine if Sharon could change its program to make it appropriate for Danielle; and, after the evaluator's recommendations (d) the BSEA ruled and found that Sharon's program could be modified to meet Danielle's needs.

4.   In June, 2004, Sharon offered to settle counsel fees. I did not accept that offer.

5.   My wife and I then filed for relief in this court, also pursuing an award of legal fees since we were the prevailing party at the BSEA.

6.   Around January 5, 2005, we received a copy of an Offer of Judgment in regard to settlement of attorneys fees. I did not accept the offer.

7.   At the end of 2004, Atty. Bortzfield informed me that she was unable to continue representation due to personal reasons. We then undertook to find alternative representation.

8.   I never accepted any offer from Sharon. I never authorized Atty. Bortzfield to accept or reject any offer or agreement on my behalf, or on behalf of Danielle.

9.   I understand that my wife, Diane Benson, expressly rejected Sharon's offer to pay $30,000.00 for legal fees, doing so on behalf of both of us.

2

10.     I did authorize Atty. Bortzfield to solicit settlement offers, and to present any such offer to us for our consideration.

11.     I never authorized binding settlement negotiations of any kind. I never authorized acceptance of any offer.

12.     My wife and I tried to negotiate Atty. Bortzfield's fees, but no agreement was reached while she represented us.

13.     My wife and I first met with Atty. Cline on January 21, 2005. Soon after, we asked her to represent us. She agreed, but only if matters could be delayed. She was not immediately available, and could not be available until several months later. I told Atty. Bortzfield that we had selected new counsel, but that Atty. Cline's availability was not until much later in the season.

14.     On or about March 3, 2005, Atty. Bortzfield wrote to us, formally presenting an offer of settlement and a proposed settlement agreement.

15.     Within a week, on or about March 10, 2005, we asked Atty. Cline review the proposed settlement terms and text. It took several days to reach her. We understood that she was largely out of her office.

16.     On March 15, 2005, Atty. Cline reviewed the proposed settlement terms as we asked, and conferred with me. After that, I remained unwilling to accept the offer.

17.     Atty. Bortzfield withdrew her appearance at the very end of March, 2005.

18.     Atty. Cline was finally available just prior to this Court's status/scheduling

conference

3

rescheduled for April 15, 2005.  I had authorized Atty. Cline to tell Atty. Richardson directly that I could not agree to settle for $30,000 unless and until a settlement with Atty. Bortzfield enabled that.

     19.     We settled with Atty. Bortzfield just this week.  That will enable us to *now* agree to the monies offered by Sharon, $30,000.00.

     20.     Now, we await word as to whether Sharon agrees that if we prevail in this lawsuit, we can pursue further counsel fees. Without that, I cannot settle this issue.

     Signed under the pains and penalties of perjury this May 8, 2005.

*albet M. Benson*
*5/09/05*
*21 Bluff Head Rd*
*Sharon, Mass.*
*02067*