UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994-NMG

PARENTS OF DANIELLE

    Plaintiff,

V.

MASSACHUSETTS DEPARTMENT OF
EDUCTION, DAVID P. DRISC&LL,
COMMISSIONER; and SCHOOL
COMMITTEE FOR THE TOWN OF
SHARON: SAM LIAO, ANDREW
NEGENZAHL, DONALD GILLIGAN, JANE
FURR, MITCH BLAUSTEIN and SUZANNE
PEYTON

    Defendants

## AFFIDAVIT OF DIANE BENSON IN OPPOSITION TO SHARON SCHOOL COMMITTEE'S MOTION FOR SUMMARY JUDGMENT ON COUNT II OF COMPLAINT

Diane Benson, being duly sworn, deposes and state as follows:

I am a adult. I am the Mother of "Danielle" in this matter. My husband, Albert Benson, is Danielle's Father.

2.     Danielle attends Sharon Public Schools. In the summer of 2003, we requested a hearing at the Massachusetts' Bureau of Special Education Appeals ("BSEA"). Dissatisfied with special education services offered by Sharon, we asked that Danielle be placed at the

1

Landmark School, an out of district private school specialized in teaching children with language based learning disorders.

3. The BSEA hearings were held on October 2, 3, and 22, and March 19, 2003.

4. The BSEA issued decisions on January 12, 2004 and April 20, 2004, that (a) Sharon was not providing FAPE; (b) Sharon should locate or create an appropriate program for Danielle; (c) Sharon should engage and pay for an independent evaluator to determine if Sharon could change its program to make it appropriate for Danielle; and, after the evaluator's recommendations (d) the BSEA ruled and found that Sharon's program could be modified to meet Danielle's needs.

5. In June, 2004, Sharon offered to settle counsel fees. I did not accept that offer.

6. My husband and I then filed for relief in this court, also pursuing an award of legal fees since we were the prevailing party at the BSEA.

7. Around January 5, 2005, we received a copy of an Offer of Judgment in regard to settlement of attorneys fees. I did not accept the offer.

8. At the end of 2004, Atty. Bortzfield informed me that she was unable to continue representation due to personal reasons.. We then undertook to find alternative representation.

9. I never accepted any offer from Sharon. I never authorized Atty. Bortzfield to accept any offer or agreement on my behalf, or on behalf of Danielle.

10. I expressly rejected Sharon's offer to pay $30,000.00 for legal fees, doing so on behalf of both of us.

11. I authorized Atty. Bortzfield to solicit settlement offers, and to present any such

offer to us for our consideration.

12. I never authorized binding settlement negotiations of any kind. I never authorized acceptance of any offer.

13. My husband and I tried to negotiate Atty. Bortzfield's fees, but no agreement was reached while she represented us.

14. My husband and I first met with Atty. Cline on January 21, 2005. Soon after, we asked her to represent us. She agreed, but only if matters could be delayed. She was not immediately available, and could not be available until several months later. I told Atty. Bortzfield that we had selected new counsel, but that Atty. Cline's availability was not until much later in the season.

15. On or about March 3, 2005, Atty. Bortzfield wrote to us, formally presenting Sharon's settlement offer, including a proposed written agreement.

16. Within a week, on or about March 10, 2005, we asked Atty. Cline review the proposed settlement terms and text. It took several days to reach her. We understood that she was largely out of her office.

17. On March 15, 2005, Atty. Cline reviewed the proposed settlement terms with us, and conferred with us. After that, I considered whether to accept the offer, but did not do so.

18. Atty. Bortzfield withdrew her appearance at the very end of March, 2005.

19. I could not agree to the monetary offer of $30,000 unless and until we had an acceptable settlement with Atty. Bortzfield, and everyone agreed that if we succeed in this lawsuit, we can pursue further counsel fees.

20. We settled with Atty. Bortzfield just this week. We are now able to accept the

monetary offer, provided Sharon agrees that if we succeed in this lawsuit, we can pursue further counsel fees.

21. Now, we await word as to whether Sharon had intended that to start with, or will agree to it now.

Signed under the pains and penalties of perjury this May 8, 2005.

*Diane Benson*
5/9/05

21 Bluff Head Rd
Sharon MA
02067