UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-10994-NMG

PARENTS OF DANIELLE,

          Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION ET AL.,

          Defendants.

## STATE DEFENDANTS' INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), defendant Massachusetts Department of Education and Commissioner David Driscoll (collectively referred to as "Department") hereby provide the following initial disclosures.[1] The Department provides these disclosures without waiver or prejudice to its right to (1) object to any discovery or demand by plaintiffs related to matters raised in the pleadings or in this disclosure and (2) to contest the materiality, admissibility, or evidentiary value of any document or information addressed in these

---

[1] The Rules generally exempt from the requirement of Initial Disclosures an action for judicial review based on the administrative record, see Fed. R. Civ. P. 26(a)(1)(E). In this case, plaintiff asserts a claim for judicial review of a decision of the Department's Bureau of Special Education Appeals ("BSEA"), pursuant to the Individuals With Disabilities Education Act ("IDEA"), a claim which generally is based on the administrative record of the proceedings before the BSEA. However, the claim for judicial review in the circumstances of this case may entail additional fact-finding by the Court, insofar as the plaintiff and the defendant Sharon School Committee may engage in discovery and thus may present additional facts to the Court that are outside the administrative record. Accordingly, it is the Department's understanding that the exemption set forth in Fed. R. Civ. P. 26(a)(1)(E) may not apply here.

disclosures.

**Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A))**

Fed. R. Civ. P. 26(a)(1)(A). At this time, the Department intends to rely solely on the administrative record previously filed as well as applicable law, in support of its defenses, and the Department accordingly believes that there are no individuals likely to have discoverable information that the Department may use to support its claims or defenses. The Department may supplement this disclosure if additional information becomes available during the course of this litigation that supports affirmance of the decision of the Bureau of Special Education Appeals ("BSEA") that is the subject of this action.

Fed. R. Civ. P. 26(a)(1)(B). The Department intends to rely on the documents contained in the administrative record in support of its defenses, as well as applicable statutes and case law. The Department may supplement this disclosure if additional information becomes available during the course of this litigation that supports affirmance of the BSEA decision that is the subject of this action.

Fed. R. Civ. P. 26(a)(1)(C). The Department has not made any claim for damages.

Fed. R. Civ. P. 26(a)(1)(D). The Department does not have any insurance policy that may be used to satisfy any judgment entered against it in this action.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Amy Spector*

Amy Spector, BBO # 557611
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2076

Dated: May 19, 2005

### Certificate of Service

I, Amy Spector, certify that I served a copy of the above Initial Disclosures upon the parties this 19th day of May 2005, by sending a copy of the Initial Disclosure by first-class mail, postage pre-paid, to Alanna Cline, Esq., 300 Market Street, Brighton MA 02135 (counsel for plaintiffs) and to Barry Mintzer, Esq. and Tammy Richardson, Esq., Deutsch Williams Brooks DeRensis & Holland, 90 Summer Street, Boston, MA 02110 (counsel for defendant Sharon School Committee).

*Amy Spector*

Amy Spector

3