UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARENTS OF DANIELLE<br>    Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS DEPARTMENT OF EDUCATION, DAVID P. DRISCOLL, COMMISSIONER and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEBENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN, AND SUZANNE PEYTON<br>    Defendants, | Civil Action No. 04-10994-NMG |

## SCHOOL COMMITTEE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

The Defendants School Committee for the Town of Sharon and its members, Sam Liao, Andrew Nebenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton ("School Committee Defendants") pursuant to F.R.C.P. 41(b), hereby request that this Court dismiss the Complaint, with prejudice, based upon the Plaintiffs' failure to prosecute this action. In support of this motion, the School Committee Defendants rely upon the affidavit of Tammy L. Richardson, filed herewith, and state as follows.

### INTRODUCTION

This case should be dismissed due to Plaintiffs' failure to prosecute this case, including their failure to meet a single Court-ordered deadline established at the Scheduling Conference on April 15, 2005. Specifically, Plaintiffs failed to provide their Automatic Disclosures; failed to

respond to the School Committee Defendants' discovery requests; and failed to timely file a Motion for Summary Judgment.

## FACTS

1. The scheduling conference in this matter was held on April 15, 2005. At that conference, the parties agreed upon the following deadlines, which the Court then entered as an order:

    a. Initial disclosures pursuant to F.R.C.P. 26(a)(1) due on May 20, 2005;

    b. Plaintiffs' expert disclosure due on June 10, 2005;

    c. Defendants' expert disclosure due on June 20, 2005;

    d. Discovery requests to be served by June 10, 2005;

    e. Responses to discovery requests due on July 10, 2005;

    f. Plaintiffs' summary judgment motion due on July 11, 2005;

    g. Defendants' opposition and any cross-motion for summary judgment due on July 25, 2005;

    h. Plaintiffs' response to any cross-motion due on August 8, 2005.

Richardson Aff., ¶2.

2. At the Scheduling Conference, the Court indicated that it may well be able to decide this matter on motion, without need for a trial, and that it would determine whether a trial was necessary only after reviewing the summary judgment motions of the parties. Richardson Aff., ¶3.

3. Plaintiffs failed to serve the School Committee Defendants with Automatic Disclosures pursuant to F.R.C.P. 26(a)(1). Richardson Aff., ¶4.

4. Plaintiffs did not designate an expert or serve any discovery requests.[1] Because Plaintiffs did not designate an expert, the School Committee Defendants also chose not to designate an expert. Richardson Aff., ¶5.

5. The School Committee Defendants served Plaintiffs with document requests on June 8, 2005. To date, Plaintiffs have not responded to those requests. Richardson Aff., ¶6.

6. Despite the Court's order that Plaintiffs' summary judgment motion be filed by July 11, 2005, Plaintiffs have yet to file a summary judgment motion. Richardson Aff., ¶7.

7. Plaintiffs have not requested, nor received, an extension to any of the above referenced deadlines. Richardson Aff., ¶8.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE DUE TO THE PLAINTIFFS' FAILURE TO PROSECUTE THIS CASE.

A district court "unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." Santiago v. Rivera, 553 F.2d 710, 712 (1st Cir. 1977). Such a dismissal is also "... justified as a means of deterring others from frustrating the district court's well justified efforts at docket management and at ensuring the orderly progress of litigation." Id. at 713. No precise rule can be set forth as to what circumstances justify a dismissal for failure to prosecute; the procedural history of

---

[1] Admittedly, Plaintiffs may well intend not to use an expert witness and may have decided they do not need discovery. The School Committee Defendants include this fact simply to give the Court a complete picture of what has transpired since the Scheduling Conference.

each case must be examined in order to make such determination. Medeiros v. United States, 621 F.2d 468, 470 (1st Cir. 1980).

As the Santiago case makes clear, where the nature of the claim suggests the need for expedition, dismissal may be appropriate even where the amount of delay is relatively short. Id. at 713, n. 2. In Santiago, the plaintiffs filed suit on June 6, 1975, in which they alleged that defendants had violated their civil rights by discharging them from their employment by reason of their political activities. The judge denied their request for a temporary restraining order, but issued a scheduling order that provided that a full hearing would occur in four months, on October 22, 1975. Id. at 711. It established a timetable for the necessary pre-trial activities, including submitting witness information, exchanging documents, and submitting pretrial memoranda. Id. The plaintiffs failed to adhere to any of the deadlines.[2]

The Santiago court dismissed the plaintiffs' case for want of prosecution. The First Circuit, in affirming that decision, commented that the plaintiffs had initially recognized a need for expedition, and that given that fact, "... a reasonable inference from the delay of the moving party is that he has little interest in vindicating whatever rights he may have." Id. at 712-713. It found plaintiffs' failure to take the required steps as set forth in the Court's scheduling order "... quite simply unexcused and inexcusable." Id. at 713.

In this case, the relief sought by Plaintiffs is that the decision of the Bureau of Special Education Appeals ("BSEA") be overturned and that this Court order that Danielle be placed at the Landmark School. At the Scheduling Conference, the Plaintiffs' counsel stressed the need for an accelerated schedule due to the impending 2005-2006 school year. In negotiating a proposed pre-trial schedule in advance of the Scheduling Conference, counsel for the School

---

[2] The plaintiffs also failed to appear for the scheduled pre-trial conference.

Committee Defendants had wanted a less accelerated schedule, due to trials scheduled for June 18, 2005 and July 20, 2005, but ultimately agreed to Plaintiffs' requests for an accelerated schedule. Richardson Aff., ¶9.

Given the Plaintiffs' assertion of the need to rapidly process this case, their failure to meet any of the agreed upon (and subsequently Court-ordered) deadlines is inexcusable. Dismissal of the Complaint is well within the Court's discretion, and is warranted in this case.

WHEREFORE, the School Committee Defendants respectfully request that this Court enter an order as follows;

1. Dismissing the Plaintiffs' Complaint, with prejudice; and

2. Any other relief that this Court deems appropriate and just.

### LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1 (A)(2), counsel for the Sharon School Committee certifies that she attempted to contact counsel for plaintiffs about the issues raised in this motion, but has not been successful in reaching plaintiffs' counsel.

SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEBENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN, AND SUZANNE PEYTON

By their attorneys,

*/s/ T. Richardson*

Barry L. Mintzer, BBO #348940
Tammy L. Richardson, BBO #567766
Deutsch Williams Brooks DeRensis &
 Holland, PC
99 Summer Street
Boston, MA 02110
(617) 951-2300

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/hand on this date.
*/s/ T. Richardson*
7-14-05

DWLIB 184525v1
129/03

5