UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARENTS OF DANIELLE<br><br>　　Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS DEPARTMENT OF EDUCATION, DAVID P. DRISCOLL, COMMISSIONER and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEBENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN, AND SUZANNE PEYTON<br><br>　　Defendants, | Civil Action No.  04-10994-NMG |

### AFFIDAVIT OF TAMMY L. RICHARDSON IN SUPPORT OF SCHOOL COMMITTEE DEFENDANTS' MOTION TO DISMISS COMPLAINT

Tammy L. Richardson, being duly sworn, deposes and states as follows:

1.　　I am an attorney at Deutsch Williams in Boston, counsel to the Defendants School Committee for the Town of Sharon and its members, Sam Liao, Andrew Nebenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton ("School Committee Defendants"). I make this Affidavit based upon my personal knowledge.

2.　　The scheduling conference in this matter was held on April 15, 2005. At that conference, the parties agreed upon the following deadlines, which the Court then entered as an order:

      a.      Initial disclosures pursuant to F.R.C.P. 26(a)(1) due on May 20, 2005;

      b.      Plaintiffs' expert disclosure due on June 10, 2005;

      c.      Defendants' expert disclosure due on June 20, 2005;

      d.      Discovery requests to be served by June 10, 2005;

      e.      Responses to discovery requests due on July 10, 2005;

      f.      Plaintiffs' summary judgment motion due on July 11, 2005;

      g.      Defendants' opposition and any cross-motion for summary judgment due on July 25, 2005;

      h.      Plaintiffs' response to any cross-motion due on August 8, 2005.

3.      At the Scheduling Conference, the Court indicated that it may well be able to decide this matter on motion, without need for a trial, and that it would determine whether a trial was necessary only after reviewing the summary judgment motions of the parties.

4.      Plaintiffs failed to serve the School Committee Defendants with Automatic Disclosures pursuant to F.R.C.P. 26(a)(1).

5.      Plaintiffs did not designate an expert or serve any discovery requests. Because Plaintiffs did not designate an expert, the School Committee Defendants also chose not to designate an expert.

6.      The School Committee Defendants served Plaintiffs with document requests on June 8, 2005. To date, Plaintiffs have not responded to those requests.

7.      Despite the Court's order that Plaintiffs' summary judgment motion be filed by July 11, 2005, Plaintiffs have yet to file a summary judgment motion.

8.      To my knowledge, plaintiffs have not requested, nor received, an extension to any of the above referenced deadlines.

9.  At the Scheduling Conference, the Plaintiffs' counsel stressed the need for an accelerated schedule due to the impending 2005-2006 school year. In negotiating a proposed pre-trial schedule in advance of the Scheduling Conference, I had requested a less accelerated schedule, due to the fact that I had trials scheduled for June 18, 2005 and July 20, 2005. However, I ultimately agreed to Plaintiffs' requests for an accelerated schedule, due to counsel's assertion of the need for resolving this matter with all due speed.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __14__ DAY OF JULY, 2005.

_/s/ Richardson_
Tammy L. Richardson

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/_____ on this date.
_/s/ Richardson_
7-14-05

3