UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.04-10994NMG

PARENTS OF DANIELLE

*Plaintiffs*,

v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION, DAVID P. DRISCOLL, COMMISSIONER;

*And*

SCHOOL COMMITTEE FOR
THE TOWN OF SHARON:
SAM LIAO, ANDREW NEGENAZHL,
DONALD GILLIGAN, JANE FURR, MITCH
BLAUSTEIN AND SUAZANNE PEYTON

*Defendants.*

## MEMORANDUM IN OPPOSITION TO SCHOOL COMMITTEE DEFENDANTS' MOTION TO DISMISS

Plaintiffs Parents oppose Defendant School's motion to dismiss. While certain matters are late, there has been no failure to prosecute this action, nor any prejudice imposed upon the Defendants. Plaintiff Parents have incurred unavoidable delay in meeting scheduled filings, but have actively appeared in this matter, and have actively litigated their claims, as follows.

*Introduction:*

Defendant School seeks the ultimate sanction: dismissal. They ask for that sanction as

Page 1

though Plaintiffs had deliberately thwarted matters by failing to file a motion for summary judgment, claiming that to have been to the substantial prejudice of the Defendant School. That is not the case.

First and foremost, there is no rule obligating a party to file and serve any Motion for Summary Judgment. Claims and litigation can well proceed without such a motion, and such motions remain in the discretion of each party. Clearly then, the absence of doing so cannot become a basis for a claim that a party has failed to prosecute a claim. Therefore, while Plaintiff Parents do still *intend* such a motion, there can be little basis upon which to impose the sanction of dismissal in the event no such motion were filed.

Defendant School's counsel's complains that due to her schedule, she anticipated that under the agreed-upon schedule, such a motion would interfere with, and take time from, scheduled appearances and obligations in other matters in her practice. However, while delay may have frustrated her time planning, the absence of such a motion, and absence of need to perform the work to respond to such a motion, relieved her of the problems she had anticipated. That relieved her of interference with the completion of other work on her desk. Until served, School counsel had no obligation to respond, and no work in this matter that needed to be performed. In fact, Plaintiff Counsel again experienced circumstances which resulted in unexpected, and unwanted, delay. However, that could only prejudice Plaintiff Parents, not Defendants.

Plaintiff Parents seek compensatory placement of their daughter at the Landmark School. They still plan to file a motion for summary judgment, as referred to below. However, urgency may prove to have been averted due to recent, unexpected, special education events. It appears

highly likely that special education events regarding the 2005-2006 school year, and current *Massachusetts' Bureau of Special Education Appeals* proceedings, may provide appropriate placement for the 2005-6 school year. If so, favorable outcome of the instant case would serve a later academic year. If not, then it may still serve this year.

### *Facts:*

1. Based on information, prior counsel withdrew due to personal family health issues and personal obligations.

2. Although the undersigned anticipated being able to undertake active representation earlier, for similar reasons, she was unable to do so until mid- April 15, 2005.

3. However, thereafter and again, she was waylaid both by demands of catch-up and back-to-back trials after a multi-month interruption of her practice schedule, on-going and temporarily increasing care needs of her elderly mother at home, and then, by the unexpected last illness and death of an uncle. Therefore, and again, Plaintiffs' counsel must now ask for the courtesy of time indulgence.

3. This Complaint falls under *F.R.C.P. 26(a)(1)(E)*. It seeks review of an administrative decision. Claims are based exclusively on a review of an administrative record. Both claims ride squarely on the administrative record and the state agency decision. Therefore, *initial* disclosure was not required. At most, Plaintiffs owe a formal pleading to that effect.

3. Similarly, Plaintiffs do not anticipate need of any expert, since the matters at bar turn on issues of law. Therefore and again, at worst, Plaintiffs owe Defendants a formal pleading to such effect.

4. Similarly, Plaintiffs did not anticipate need of any discovery from the Defendants: at

bar are issues of law based upon the administrative record and decision. Again, at worst, Plaintiffs owe Defendants a formal pleading to these effects.

5. Plaintiffs do owe Defendants responses to discovery, and request a time extension for same.

6. Plaintiff Parents ask for no more than a 35 day time extension (from now) as to all of Plaintiffs' obligations referred to above. That is based in part on the telephone request of Atty. Spector (counsel of record for Defendant Mass. Department of Education) that her response obligations do not begin to toll until after her scheduled vacation in early September.

7. Plaintiffs have not ignored their intended motion for summary judgment. Counsel began associated work in early June, and has continued to work on that motion. She and her clients have held several conferences (including an office conference) to advance that motion, and to discuss and review its scope and contents. Completion is anticipated over the next several weeks.

8. Plaintiffs Parents, together with counsel, appeared at the scheduling conference in this matter on April 15, 2005. They have not failed to prosecute this matter. At that conference, they did express a need and intention to pursue matters with unusual alacrity. However, Plaintiffs own counsel has been unable to comply with the intended scheduled.

9. Plaintiffs participated in the preparation of the joint scheduling stipulation which was filed..

10. Defendant School served and filed a motion for summary judgment regarding Count Two of Plaintiff Parents' complaint. Plaintiff Parents prepared a lengthy and time consuming opposition and supporting affidavits, all transmitted on or about May 9, 2005.

Counsel expended well over 8 hours of billable time in that regard, with several additional hours expended which were not billed.

11. On July 21, 2005, before this court acted upon the motion for summary judgment, Defendant School withdrew it, without stating any reasons. As a result, the time expended by Plaintiff counsel was wasted. (Had that time not been consumed unnecessarily, Plaintiff's motion for summary judgment might well now be near completion, or even completed.)

12. Plaintiff now actively defends the instant motion to dismiss.

*Argument*

Defendant School's memorandum relies completely on *Santiago v. Rivera, 553 F.2d 710, 712 (1ˢᵗ Cir. 1977)*. In that matter, Plaintiff failed to respect obligations to appear at and attend a scheduled pretrial conference. There was little other case activity. On that basis, the case was dismissed, with the Court commenting about making a reasonable inference that plaintiff had little interest in prosecuting matters, and non-compliance was simply unexcused and inexcusable.

Circumstances at hand are different. In the instant matter, Plaintiff Parents requested rescheduling of a scheduled courtroom event. They did not fail to attend. Further, the case has been active, even beyond those activities reflected in filed pleadings and letters transmitted by counsel to the court. Therefore, there can be no issue of inactivity, as disclosed by the court's own record. Indeed, Plaintiff's recent opposition to Defendant School's summary judgment motion indicates that indeed, Plaintiff Parents are interested in, and committed to, their claims, nor even if unexcused, has any delay been inexcusable or dilatory. Further, any delay has been minimal.

*Conclusion*

Plaintiff Parents incorporate by reference the accompanying affidavit of counsel This case has been active. There has been no prejudice suffered by Defendant School. At most, Defendant School counsel may have incurred some scheduling inconvenience. There has been no disrespect of this court. Plaintiffs Parents counsel has made her best efforts, but has been unsuccessful in meeting time limits due to circumstances beyond her personal control. For all these reasons, and those argued above, the motion to dismiss should be denied.

Parents, by Counsel:

Alanna G. Cline, Atty.
BBO 086860
300 Market St.
Brighton, MA 02135
(617) 783 5997
August 3, 2005

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail postage prepaid on this date.