UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.04-10994NMG

PARENTS OF DANIELLE

*Plaintiffs,*

v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION, DAVID P. DRISCOLL, COMMISSIONER;

*And*

SCHOOL COMMITTEE FOR
THE TOWN OF SHARON:
SAM LIAO, ANDREW NEGENAZHL,
DONALD GILLIGAN, JANE FURR, MITCH
BLAUSTEIN AND SUAZANNE PEYTON

*Defendants.*

### AFFIDAVIT OF COUNSEL IN SUPPORT OF MEMORANDUM IN OPPOSITION TO SCHOOL COMMITTEE DEFENDANTS' MOTION TO DISMISS

I, Alanna G. Cline, being duly sworn, do state and depose as follows:

1. I am an adult. I am licensed by the Commonwealth of Massachusetts to practice law, and have been so licensed since 1974. My usual office for the practice of law is located at 300 Market St., Brighton, MA 02135. I am admitted to practice before the Massachusetts' Supreme Judicial Court and its inferior courts; to the Federal District Court of the District of

Massachusetts, to the First Circuit Court of Appeals, to the Ninth Circuit Court of Appeals, to the United States Claims Court, and have been admitted *pro hace ice* in various other jurisdictions including New Hampshire, Connecticut, New York, Missouri, and California.

2. I represent the Plaintiffs in this matter, and have personal knowledge of the facts recited herein, except where based upon information or belief.

3. Plaintiff Parents seek compensatory placement of their daughter at the Landmark School. An unexpected *IEP* and placement recommendation, and unexpected state proceedings before the *Massachusetts Bureau of Special Education Appeals* may avert emergency in regard to Danielle's upcoming school placement. If so, a favorable outcome for this instant matter would then be likely to serve a future academic year. If not, then it would still be likely and able to serve this academic year.

4. Based on information, prior counsel withdrew due to personal family health issues and personal obligations..

5 Although I anticipated being able to undertake active representation earlier, for similar reasons, I was unable to do so until mid- April 15, 2005.

6. Since last appearing personally before this court, I again experienced circumstances which resulted in unexpected, and unwanted, delays in my practice. In addition to being waylaid both by demands of catch-up and back-to-back trials after a multi-month interruption of my practice schedule, I experienced both on-going and temporarily increasing care needs of my 84 year old mother at home, and then, by the unexpected last illness and death of an uncle. Therefore, and again, I must now ask for the courtesy of time indulgence.

8. This Complaint falls under *F.R.C.P. 26(a)(1)(E)*. It seeks review of an administrative

decision. Claims are based exclusively on a review of an administrative record. Both claims ride squarely on the administrative record and the state agency decision. Therefore, I do not believe that *initial* disclosure was required. At most, we owe a formal pleading to that effect.

9. Similarly, Plaintiffs do not anticipate need of any expert, since the matters at bar turn on issues of law. Therefore and again, at worst, we owe Defendants a formal pleading to such effect.

10. Similarly, Plaintiffs did not anticipate need of any discovery from the Defendants: at bar are issues of law based upon the administrative record and decision. Again, at worst, we owe Defendants a formal pleading to these effects.

11. We do owe Defendants responses to discovery, and request a time extension for same.

12. We ask for no more than a 35 day time extension as to all of Plaintiffs' obligations. based in part on the telephone request to me by Atty. Spector (counsel of record for Defendant Mass. Department of Education) that her response obligations do not begin to toll until after her scheduled vacation in early September.

13. We have not ignored the intended motion for summary judgment. I began associated work in early June, and have continued to work on that motion. My clients and I have held several conferences (including an office conference) to advance that motion, and to discuss and review its scope and contents. Completion is anticipated over the next several weeks.

14  We appeared at the scheduling conference in this matter on April 15, 2005. We did express a need and intention to pursue matters with unusual alacrity. However, I have been unable to comply with the intended scheduled, for the reasons stated above, notwithstanding my

assiduous efforts to the contrary.

9. We participated in the preparation of the joint scheduling stipulation which was filed.

10. Defendant School served and filed a motion for summary judgment regarding Count Two of Plaintiff Parents' complaint.

11. In response, I prepared a lengthy and time consuming opposition, transmitted on or about May 9, 2005. I expended well over 8 hours of billable time in that regard, with several additional hours expended which were not billed.

11. On July 21, 2005, before this court acted upon the motion for summary judgment, Defendant School withdrew it, without stating any reasons.

13. In addition, there has been contact between myself and Defendant School Counsel, both regarding the instant litigation, and regarding collateral special education matters.

14. While efforts have been delayed, they have certainly been continued by Plaintiff Parents and counsel alike.

Signed under the pains and penalties of perjury.

*[signature]*
Alanna G. Cline, Atty.
BBO 086860
300 Market St.
Brighton, MA 02135
(617) 783 5997
May 9, 2005

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail postage prepaid on this date.

*[signature]*

Page 4