UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARENTS OF DANIELLE<br><br>Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS DEPARTMENT OF EDUCATION, DAVID P. DRISCOLL, COMMISSIONER and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEBENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN, AND SUZANNE PEYTON<br><br>Defendants, | Civil Action No. 04-10994-NMG |

## AFFIDAVIT OF TAMMY L. RICHARDSON IN SUPPORT OF SCHOOL COMMITTEE DEFENDANTS' MEMORANDUM IN SUPPORT OF (1) MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE (2) OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT

Tammy L. Richardson, being duly sworn, deposes and states as follows.

1. I am an attorney at Deutsch Williams in Boston, counsel for Defendants in this matter. I make this affidavit based upon my personal knowledge.

2. This Court held a scheduling conference on April 15, 2005. At that conference, during which time counsel for Plaintiffs emphasized that time was of the essence, the parties agreed upon the following deadlines, which the Court then entered as an order:

   a. Initial disclosures pursuant to F.R.C.P. 26(a)(1) due on May 20, 2005;

      b.      Plaintiffs' expert disclosure due on June 10, 2005;

      c.      Defendants' expert disclosure due on June 20, 2005;

      d.      Discovery requests to be served by June 10, 2005;

      e.      Responses to discovery requests due on July 10, 2005;

      f.      Plaintiffs' summary judgment motion due on July 11, 2005;

      g.      Defendants' opposition and any cross-motion for summary judgment due on July 25, 2005;

      h.      Plaintiffs' response to any cross-motion due on August 8, 2005.

3.      At the Scheduling Conference, the Court indicated that it could potentially decide this matter on motion, without need for a trial, and that it would determine whether a trial was necessary only after reviewing the summary judgment motions of the parties.

4.      Plaintiffs failed to serve the School Committee Defendants with Automatic Disclosures pursuant to F.R.C.P. 26(a)(1), either by the mandated May 20, 2005 deadline, or at any later time.

5.      Plaintiffs did not designate an expert or serve any discovery requests. Because Plaintiffs did not designate an expert, the School Committee Defendants also chose not to designate an expert.

6.      The School Committee Defendants served Plaintiffs with document requests on June 8, 2005. A true and accurate copy of the requests is annexed hereto as Exhibit "A". To date, Plaintiffs have not responded to those requests.

7.      Plaintiffs filed their summary judgment motion on December 8, 2005, five months after the deadline ordered by the Court, and without ever serving automatic disclosures or answering the School Committee Defendants' document requests.

8. Plaintiffs have not requested from the School Committee Defendants, nor received, an extension to any of the above referenced deadlines.

9. On August 3, 2005, Plaintiffs filed an opposition to the School Committee Defendants' Motion to Dismiss, which acknowledged that Plaintiffs owed the School Committee Defendants responses to document requests, and specifically asked the Court for "no more than a 35-day time extension" for fulfilling all of Plaintiffs' obligations.

10. Pursuant to her Decision, Ms. Beron presented Sharon with the names of two qualified evaluators and Sharon selected Joan Axelrod, M.Ed. Ms. Axelrod observed Danielle in her classes at Sharon Middle School on January 27, 2004. On January 28, 2004, Ms. Axelrod participated in a conference call with the Hearing Officer, Sharon's attorney and Parent's attorney to discuss her findings and observations. During that conference call, Ms. Axelrod stated her conclusion that the Student should and could remain in Sharon if certain changes to her then-current program were made. Ms. Axelrod issued a written report consistent with this opinion on February 10, 2004.

11. The hearing was reconvened at Parents' request on March 10, 2004, solely to determine whether Sharon's program could be modified to provide FAPE. Parents offered rebuttal testimony by Dr. Robert Kemper.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20TH DAY OF DECEMBER, 2005.

/s/ Tammy L. Richardson

DWLIB 192953v1
129/00

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARENTS OF DANIELLE<br><br>Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS DEPARTMENT OF EDUCATION, DAVID P. DRISCOLL, COMMISSIONER and SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEBENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN, AND SUZANNE PEYTON<br><br>Defendants, | Civil Action No. 04-10994-NMG |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

The Defendants, School Committee for the Town of Sharon, Sam Liao, Andrew Nebenzahl, Donald Gilligan, Jane Furr, Mitch Blaustein, and Suzanne Peyton ("School Committee Defendants"), pursuant to the applicable Rules of Civil Procedure, hereby request that the plaintiffs produce the following items for inspection and copying. Items are to be produced at the offices of the attorneys for the School Committee Defendants, Deutsch Williams Brooks DeRensis & Holland, P.C., 99 Summer Street, Boston, MA 02110, on or before thirty (30) days from the date of this request.

Plaintiffs may comply with this request at their option by forwarding true copies of all documents responsive to this request to counsel for the School Committee Defendants postmarked prior to the date called for in this request for production of documents.

## DEFINITIONS

For the purposes of these request for production of documents:

1. "Identify", when used with respect to a document, shall mean to provide the following information as to each such document:

    A. the date the document was prepared;

    B. the identity of the person(s) who prepared the document or caused it to be prepared;

    C. the identity of the person(s) to whom the document was directed or communicated; and

    D. its present location and custodian and, in the case of any document which is no longer in the respondent's possession, custody or control, the manner and date of its disposition.

2. "Document" shall mean all written, type-written, printed, photocopied, drawn, graphic, pictorial, photographic, tape recorded, video tape recorded, filmed, microfilmed, and computerized materials of every description. It includes by way of illustration and not by way of limitation the following:

    A. blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models, including preliminary drafts of any of the foregoing;

   B. books, logs, diaries, journals, ledgers, notebooks and reports, including preliminary drafts of any of the foregoing;

   C. notes, minutes of meetings, memoranda, letters, correspondence, telegrams and notations and records of telephone calls and conversations, including preliminary drafts of any of the foregoing;

   D. photographs, films, microfilms, tapes, videotapes and recordings, including outtakes of any of the foregoing;

   E. computer lists, printouts, programs and data;

   F. mathematical and scientific formulas, computations and data;

   G. purchase orders, invoices, contracts, agreements, equipment leases, sales slips, receipts, bills and canceled checks;

   H. all versions and drafts of the documents requested, including copies bearing marginal or other notations or comments; and

   I. e-mails and all other forms of electronic communication.

   3. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

   4. "Concerning" shall mean referring to, describing, evidencing, or constituting.

   5. "Defendants" shall refer to all defendants in this action, both collectively and individually.

6.   ""You" or "Plaintiffs" or "Parents" shall refer to the parents of Danielle, who are the Plaintiffs in this action, and anyone acting on their behalf.

7.   "Student" shall refer to Danielle, who is the daughter of the plaintiffs in this action.

8.   "Sharon" shall refer to the Sharon Public Schools, and anyone acting on their behalf.

9.   "Hearing" shall refer to the hearing before the Bureau of Special Education Appeals that is described in Paragraph 9 of the Parents' Complaint.

## DOCUMENT REQUESTS

1.   All documents concerning any communications by and between Parents and Sharon that are in any way related to the claims set forth in the Complaint.

2.   All documents concerning any communications by and between Parents and any other person or entity that are in any way related to the claims set forth in the Complaint.

3.   All documents You intend to produce at the trial of this action.

4.   All documents identified in Parents' Automatic Disclosure Statement.

5.   All invoices, bills, or other documentation which evidence services rendered, for which Parents seek reimbursement pursuant to Count II of the Complaint.

6.   All documents which evidence payment of the invoices referred to in the preceding document request, including but not limited to cancelled checks (front and back side).

7.   All documents concerning educational, behavioral, psychological, or other testing of Student which have occurred since the Hearing.

4

8. All documents concerning any opinion or opinions (verbal or written) given to Parents since the Hearing regarding the Student, by any educator, physician, psychiatrist, psychologist, social worker, or speech pathologist.

9. All documents which Parents' expert witness reviewed and relied upon in the formation of his opinion.

10. All documents concerning Student's educational progress, or lack thereof, since the Hearing.

SCHOOL COMMITTEE FOR THE TOWN OF SHARON: SAM LIAO, ANDREW NEBENZAHL, DONALD GILLIGAN, JANE FURR, MITCH BLAUSTEIN, AND SUZANNE PEYTON

By their attorneys,

*/s/ T. Richardson*

Barry L. Mintzer, BBO #348940
Tammy L. Richardson, BBO #567766
Deutsch Williams Brooks DeRensis &
  Holland, PC
99 Summer Street
Boston, MA 02110
(617) 951-2300

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail/[illegible] on this date.

*/s/ T. Richardson*
6-8-05

DWLIB 181240v1
129/00

5