### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  04-10994-NMG

PARENTS OF DANIELLE,

                Plaintiffs,

      v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION et al.,

              Defendants.

## STATEMENT OF DEFENDANT DEPARTMENT OF EDUCATION PURSUANT TO LOCAL RULE 56.1

**I.    RESPONSE OF DEFENDANT DEPARTMENT OF EDUCATION TO PLAINTIFFS' CONCISE STATEMENT OF MATERIAL FACTS.**

In connection with their motion for summary judgment, Parents filed a statement entitled "Plaintiff Parents' Concise Statement of Material Facts in Support of Their Motion for Summary Judgment as to Count II."  In the statement, Parents state that "[t]he material facts they rely upon are relevant findings and rulings" made by the BSEA in its decisions dated January 12, 2004, and April 20, 2004; and the facts set forth in Parents' statement are limited to facts found by the BSEA in its two decisions, which facts Parents summarize in their statement.

In accordance with Local Rule 56.1, the Department states that there are no material facts as to which the Department contends there exists a genuine issue to be tried.  In addition, the Department does not dispute the facts set forth in Parents' statement, except to the extent that Parents' Statement in certain respects does not set accurately reflect the factual findings

contained in the BSEA's decisions, as set forth below in numbered paragraphs corresponding to the paragraph numbers in Parents' Statement.[1]

 1.  The Department admits that Danielle was aged 13 and in seventh grade at the time of the BSEA decision but clarifies that she currently is aged 15 and no longer in seventh grade. A.R. I:202 (Decision I, Finding ¶ 52).

 4.  The Department admits that in Finding No. 29, the BSEA found that Danielle's teachers reported that Danielle had made progress but clarifies that the Finding does not refer to "significant" progress.  A.R. I:192-193 (Decision I, Finding ¶ 29).

 6.  The Department admits that at pages 13-14 and 17-18 of Decision I, A.R. I:192-193 and 196-197, the BSEA made findings concerning test results as described in the first sentence of paragraph 6, except that the BSEA did not refer on those pages to "problems with the skills of story recall, understanding directions, picture ocabulary [sic] identification, oral comprehension, and sound awareness" as set forth in Parents' statement.

 8.  The Department admits the facts as set forth in the first and second sentences of paragraph 8, reflecting facts as found by the BSEA concerning Danielle's test scores, except the Department clarifies that the numerical figures concerning test scores are set forth in percentiles, not per cents, in the BSEA's decision, and except that the percentile scores for "word attack" as set forth in Decision I, Finding ¶ 48, A.R. I:200, are scores for 2003 and 2000, not 2003 and 1999, as stated in the Parents' Statement.  In addition, the last sentence of paragraph 8

---

[1]  The BSEA decision dated January 12, 2004 is referred to herein as "Decision I," and the BSEA decision dated April 20, 2004, is referred to as "Decision II."  Citations are to the Administrative Record ("A.R"), by volume number and page, e.g. "A.R. I:25" refers to Volume I, page 25.

inaccurately describes the BSEA's finding, as set forth in Decision I, Finding ¶ 52, A.R. I:202-203, concerning an evaluator's recommendation; the BSEA did not find that the evaluator recommended "other programs appropriate for such needs," as stated in the Parents' statement.

11.    The Department admits the facts set forth in paragraph 11 of the Parents' Statement except the Department clarifies that the numerical figures concerning test scores for basic skills as set forth in the second sentence are set forth in percentiles, not per cents, in the BSEA's decision.  A.R. I:211.  In addition, the last sentence of paragraph 11 inaccurately describes the BSEA's finding, as set forth in Decision I, p. 32, A.R. I: 211, insofar as the phrase "indicating failure to generalize information . . . " was a reference in the BSEA's Decision to Landmark's testing, not Sharon's testing as suggested in Parents' Statement.

12.    The Department admits the facts set forth in the first sentence of paragraph 12 of the Parents' Statement but clarifies that the facts are those set forth in Decision II, at p. 10, Supp. Finding ¶ 22, A.R. I:254, not Decision I as indicated in the Parents' Statement, and the Department further clarifies that the Department's finding concerned a tutorial  reading program to be delivered in the future, not a reading program already being delivered, as indicated in the Parents' Statement.  The Department admits the facts set forth in the second sentence of paragraph 12 except clarifies that the BSEA Decision, Decision I, p. 32, A.R. I:211, did not contain the phrase "despite her needs for much more" as stated in the Parents' Statement.  In addition, the second sentence of paragraph 12 inaccurately describes the BSEA's finding, in Decision I, p. 33, A.R. I:212, concerning "evidence" regarding language break down.

13.    Paragraph 13 inaccurately describes the BSEA's finding, as set forth at Decision I, at p. 33, A.R. I:212, concerning the science website; the BSEA did not find that the "science

content" was not language-based, as stated in the Parents' Statement, but rather the BSEA found that the "science website" had content that was not made language-based and as such was not fully accessible for Danielle.

14.  The Department admits the facts set forth in paragraph 14, concerning a small group phonics program for Danielle, except insofar as the BSEA Decision, A.R. I:212, did not contain the phrase "as Danielle requires," as stated in the Parents' Statement.

16.  The Department admits the facts set forth in paragraph 16, except that portion of the third sentence in paragraph 16 beginning with the words "expressly deferring decision," as that portion of the third sentence purports to describe the Hearing Officer's reasons for deferring placement at Landmark rather than setting forth a statement of fact.  In addition, the Department makes no response to the fifth sentence of paragraph 16, insofar as that sentence (concerning Landmark's profile and services) cites for its support Findings No. 50 and 51 in Decision I, A.R. I:201-202, and those findings in Decision I do not set forth the facts stated in the fifth sentence.

17.  The Department admits the facts set forth in paragraph 17, except to the extent that the fourth sentence purports to characterize the reasoning of the Hearing Officer in determining that a placement at Landmark would not meet Danielle's individual needs.  In addition, the last sentence of paragraph 17 inaccurately describes the Hearing Officer's conclusion with respect to placement at an extended summer program; the Hearing Officer did not conclude that placement at an extended summer program at Landmark "was required," as stated in Parents' Statement, but rather, the Hearing Officer determined that other programs besides Landmark also would be appropriate.  A.R. I:258 n.28.

**II.    DEPARTMENT OF EDUCATION'S COUNTER-STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO ISSUE TO BE TRIED.**

1.  During the 2003-2004 school year, Danielle, then aged 13, was a seventh grade student at Sharon Public Schools.  A.R. I:182 (Decision I, Finding ¶ 1).

2.  In December 1999, in the middle of third grade, Danielle was found to be eligible for special education services, and an IEP was developed to address her language disabilities.  A.R. I:184-185 (Decision I, Findings ¶¶ 6,7).  Danielle, who was subsequently diagnosed with dyslexia and a central auditory processing disorder, began receiving services in January 2001. A.R. I:183, 185-188, 190, 194, 197-199, 204-205 (Decision I, Findings ¶¶ 2, 7-10, 13, 18, 21, 32, 34, 42, 45, 55).

3.  In April 2003, when Danielle was in sixth grade, Danielle's TEAM convened to discuss Danielle's progress and to develop an amended program covering the period from March 2003 to March 2004.  A.R. I:182, 197 (Decision I, Finding ¶ 42).  The TEAM proposed an IEP that provided special education services to Danielle at the Sharon Public Schools.  A.R. I:197 (Decision I, Finding ¶ 42).  Parents accepted the services in the proposed IEP but rejected the placement at Sharon Public Schools.  A.R. I:198-199 (Decision I, Finding ¶ 45).

4.  At about the same time, Parents sent an application for Danielle to immediately attend, or to attend for the seventh grade, the Landmark School (a language based program in Prides Crossing, Massachusetts) as a day student.  A.R. I:198-199 (Decision I, Finding ¶ 45). Landmark initially did not admit Danielle for the 2003-2004 school year (when Danielle would be in seventh grade), because it did not then have an opening, but Landmark subsequently admitted Danielle to begin in late January 2004.  A.R. I:200-201, 208 (Decision I, Finding ¶¶ 49, 62).

5.  Danielle began seventh grade at the Sharon Middle School in September 2003, where

5

she was in an inclusion program for all of her academic subjects and also received a number of special education services.  A.R. I:202-205 (Decision I, Finding ¶¶ 52, 55).

6.  Parents rejected the placement at Sharon proposed by Danielle's TEAM in the April 2003 IEP, covering the period March 2003 to March 2004, and the BSEA conducted an adjudicatory hearing on three days in October 2003.  A.R. I:181, 198-199 (Decision I, Finding ¶ 45).

7.  The Hearing Officer issued a decision on January 12, 2004, concluding that Sharon's program as then configured did not provide a FAPE to Danielle.  A.R. I:210.  The Hearing Officer concluded, however, that the Landmark School, although a language-based program, did not meet Danielle's individual needs nor did it provide the LRE for Danielle.  A.R. I:212-213, 256.  The Hearing Officer directed Sharon to fund an independent evaluator to report back to the Hearing Officer after considering the various options, including whether Sharon's program could be modified to meet Danielle's needs, and including the Landmark as an option.  A.R. I:212-213.  The Hearing Officer also directed Sharon to obtain information concerning other nearby language-based programs that provided the type of services that Danielle required.  A.R. I:212.

8.  The independent evaluator chosen by Sharon observed Danielle in her classes at Sharon Middle School on January 27, 2004, and the evaluator (Joan Axelrod) issued a written report concluding that the Sharon program, if modified, would provide Danielle with a FAPE in the LRE.  A.R. I:235, 250, 253 (Decision II, Supp. Finding ¶¶ 13, 18).

9.  The BSEA convened an additional hearing on March 10, 2004, at which the independent evaluator testified and was examined by the Parents, who also offered testimony of Dr. Robert Kemper to respond to the independent evaluator's conclusions.  A.R. I:253-255

(Decision II, Supp. Finding ¶¶ 18-19, 24); A,R, Transcript IV:5.

10.  On April 20, 2004, the BSEA issued a second decision ("Decision II"), denying Parents' request for placement in a day program at Landmark on the basis that Landmark did not provide the LRE for Danielle.  A.R. I:244, 258.  The Hearing Officer also found that Sharon's program could be further modified to meet Danielle's needs and to provide a FAPE in the LRE. A.R. I:256-257.  The Hearing Officer ordered Sharon to amend its IEP to provide Danielle with the following additional services:  an individual tutorial in decoding, reading comprehension and fluency; consultation among the speech/language pathologist, special education teacher, and independent evaluator; an extended school year [typically meaning summer] language immersion program (which could be Landmark's residential summer program or another summer language-based immersion program); a tutorial ("FastForward") in the summer; and monitoring by an outside evaluator.  A.R. I:258.

11.  The Parents and Sharon subsequently agreed that Danielle would attend Landmark's summer program to implement that portion of Decision II requiring Sharon to provide a summer language immersion program.  A.R. I:263.  Danielle attended Sharon Public School during the 2004-2005 school year, receiving services as provided in her IEP (as amended pursuant to the Hearing Officer's order in Decision II).

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Amy Spector
Amy Spector, BBO # 557611
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2076

Dated:  February 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the above document will be served on February 9, 2006, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

/s/ Amy Spector
Amy Spector
Assistant Attorney General