UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10994NMG

PARENTS OF DANIELLE
    Plaintiff

v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION, DAVID P. DRISCOLL,
COMMISSIONER;

&

SCHOOL COMMITTEE FOR THE TOWN OF
SHARON; SAM LIAO, ANDREW
NEGENAZHL, DONALD GILLLIGAN, JANE
FURR, MITCH BLAUSTEIN AND SUZANNE
PEYTON
    Defendants

## OPPOSITION OF SCHOOL COMMITTEE FOR THE TOWN OF SHARON TO PARENTS' EX PARTE MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

The defendant School Committee for the Town of Sharon ("School Committee") hereby opposes the Parents' Ex Parte motion to extend time to file notice of appeal and to permit filing of notice of appeal, and for late filing of required fee, filed on June 5, 2006.

As grounds herefor, the School Committee states that judgment was entered in this matter on April 11, 2006, and therefore, pursuant to Fed. R. App. P. 4 (1)(A), plaintiffs' Notice of Appeal should have been filed with this Court on or before May 11, 2006. Not only did plaintiffs fail to file a timely Notice of Appeal, they also apparently failed to timely submit their filing fee. Having completely failed to comply with the critical rules regarding prosecuting or perfecting an

ID # 474039v01/14965-1/ 06.07.2006

appeal, they waited until June 5, 2006 to file an *ex parte* motion to extend the time to do so until June 6, 2006. This Court properly denied plaintiffs' motion for extension of time, citing Fed. R. App. P. 4 (a) 5 (B) and (C), although it did so without prejudice. Plaintiffs' counsel thereafter immediately filed a new motion with another request for an extension to and including June 16, 2006.

The School Committee respectfully suggests that to allow plaintiffs to file their notice of appeal belatedly would be contrary to the letter and intend of the rules governing filing a notice of appeal, and would violate the provision of Fed. R. App. P. 4(a) 5 (C), which states that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time…". Plaintiffs' request for an extension far exceeds the 30 days from the time that the Notice of Appeal should have been filed. As stated in the Advisory Committee Notes to the Federal Rules of Appellate Procedure: "Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal. Because the timely filing of a notice of appeal is 'mandatory and jurisdictional,' United States v. Robinson, 361 U.S. 220, 224 (1960), compliance with the provisions of those rules is of the utmost importance." This rule has repeatedly been recognized by Courts in this Circuit. See, e.g., Local Union No. 12004, United Steelworkers of America v. Massachusetts, 377 F. 3d 64 (1st Cir. 2004)(same).

Moreover, the reasons given by plaintiffs' counsel in her Affidavit supporting the motion do not rise to the level of excusable neglect or good cause for extending the time to file notice of appeal under Fed. R. App. P. 4(a)(5)(A)(ii), or for permitting late filing of the notice and the required fee. The filing of a Notice of Appeal is a simple and straightforward matter, the required contents of which are set forth in Fed. R. App. P. 3(c). The reasons given in counsel's Affidavit for her failure to comply with that rule, based on "personal family medical issues and family care

2

responsibilities" -- while otherwise arguably sympathetic -- are in fact similar to repetitive requests for extensions and excusal of non-compliance which plaintiffs' counsel has made in this case over the last several years. The School Committee respectfully suggests that this Court should not countenance such repeated and flagrant flouting of the Rules governing these proceedings, and concomitant dilatory requests to remedy same. At this point, to do so would be prejudicial to the defendants, and would be contrary to the interest of the administration of justice in this case.

For the foregoing reasons, the School Committee respectfully requests that this Court deny Parents' Ex Parte Motion filed on June 6, 2006.

/s/ Barry L. Mintzer, Esq.

Posternak Blankstein & Lund LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
617.973.6199

Dated: June 7, 2006